Fuller *vs.* Arnold *et ux.*

## Fuller *vs.* Arnold *et ux.*

1. Where a motion to dismiss a *certiorari* was made and overruled, but no order was entered on the minutes, and at a subsequent term the same ground was again urged on a new motion to dismiss, there was no error in allowing the order to be entered *nunc pro tunc* and holding that ground to be *res adjudicata,* no exception having been taken to the ruling at the time when it was made.

2. It is not necessary to attach to a petition for *certiorari* a certificate of the magistrate that costs have been paid and security given before the sanction of the judge can be obtained.

3. Before a writ of *certiorari* can be legally issued by the clerk of the superior court, there must be filed in his office, within three months from the decision, both the petition, sanctioned by the judge, and also a certificate of the magistrate that all costs have been paid and bond and security given, or a pauper affidavit in lieu thereof. Where the magistrate did not sign such a certificate within three months from the decision, the *certiorari* should have been dismissed.

*Certiorari. Res adjudicata.* Practice in the Superior Court. Before Judge Speer. Pike Superior Court. October Term, 1879.

Reported in the decision.

S. D. Irvin, by Jas. H. Walker, for plaintiff in error.

J. A. Hunt, for defendants.

Warner, Chief Justice.

This case comes before this court on a bill of exceptions to the judgment of the court below in overruling a motion to dismiss a *certiorari* on the grounds therein stated.

1. It appears from the bill of exceptions that the first ground in the motion had been overruled by the court at a previous term thereof, and no exception taken thereto, but the order overruling it was not entered on the minutes; the court, however, upon satisfactory evidence before it, allowed the order to be entered on the minutes *nunc pro tunc*, and held that this ground of the motion was *res adjudicata*, and for that reason overruled it. There was no error in overruling the first ground of the motion to dismiss the *certiorari* on the statement of facts contained in the record.

2. There was no error in overruling the second ground of the motion to dismiss, because there was no certificate of the justice attached to the petition for *certiorari* that all costs had been paid and bond and security given when it was sanctioned by the judge, inasmuch as the law does not now require that to be done before the judge sanctions a *certiorari*.

3. In our judgment, the court erred in not dismissing the *certiorari* on the third ground as set forth in the motion. When a party seeks to obtain a *certiorari* of the judgment of a justice court, he must present his petition therefor to the judge of the superior court and obtain his sanction thereon, and also obtain a certificate of the justice that bond and security has been given for the eventual condemnation money, and that all costs have been paid, or make a pauper affidavit, all of which must be filed in the clerk's office of the superior court within three months after the decision complained of before the clerk can legally issue the writ of *certiorari*. See Code, sections 4052, 4054, 4056, 4057. It appears from the record before us that the judgment was rendered by the justice on the 8th of December, 1877, and it is agreed by the parties that the justice did not sign the certificate that the bond and security had been given and the cost paid until after the 10th of March, 1878, which was more than three months after the rendition of the judgment; consequently *his* certificate that the costs had been paid and bond and security given, could not have been

filed in the clerk's office within three months after the judgment of the justice was rendered, inasmuch as it could not be filed as *his* certificate until he had first signed it, and he did not sign it until after the expiration of three months; therefore the writ of *certiorari* was illegally issued by the clerk and should have been dismissed.

Let the judgment of the court below be reversed.