### 5429.   SULLIVAN, trustee, *v.* SURRENCY.

This court can not determine by review whether the refusal of the judge of the superior court to sanction a petition for certiorari was error, where the petition is not incorporated in the bill of exceptions, and when what purports to be the original petition (with various unidentified exhibits), though attached to the bill of exceptions, is in no way identified or verified by the judge of the superior court as being the original petition which was presented to him and which he refused to sanction.

DECIDED SEPTEMBER 29, 1914.

Certiorari; from Wayne superior court—Judge Conyers.   October 24, 1913.

*W. C. Hodges,* for plaintiff in error.

*Thomas & Gibbs,* contra.

RUSSELL, C. J.   According to the recitals of the bill of exceptions, Sullivan, as trustee, for the Union Sea Island Cotton Co., presented a petition for certiorari to the judge of the superior court of Wayne county, and sanction of the petition was refused.   The exception is to the refusal to sanction the petition for certiorari and to order the issuance of the writ.

The bill of exceptions recites the assignments of error alleged to have been contained in the petition for certiorari, and also that "the plaintiff in error specifies and identifies the original petition for certiorari in said case, which original petition and exhibits thereto plaintiff in error attaches hereto as exhibits and makes the same part of this bill of exceptions."   The defendant in error insists that the bill of exceptions be dismissed for two reasons:   (1) Because the bond is not properly approved, and (2) because the certificate of the judge of the superior court attached to the bill of exceptions fails to certify with sufficient certainty, and fails to identify with sufficient definiteness and certainty the petition for certiorari, which is annexed thereto.   There is no merit in the first ground of the motion, for the approval of the bond need not have anteceded the sanction of the petition.   "It is not necessary to attach to a petition for certiorari a certificate of the magistrate that costs have been paid and security given, before the sanction of the judge can be obtained."   *Fuller* v. *Arnold,* 64 *Ga.* 599.   For this reason it can not be inferred that the refusal to sanction the certiorari was based upon any assumed defect in the approval of the bond.

By the second exception of the plaintiff in error we have been greatly troubled, in our endeavor to reach a conclusion.   The difficulty is in determining when a petition for certiorari, which a judge has refused to sanction and which is not incorporated in the bill of exceptions, can be truly said to be so identified by the judge as that the reviewing court may know with certainty that it is passing upon the same papers that were before the judge of the lower court and as to which the correctness of his ruling is challenged. The rule is of course well settled that the refusal of a judge to

sanction a petition for certiorari can not be reviewed, unless the petition for certiorari is incorporated in the bill of exceptions or is attached thereto with such identification as is sufficient indubitably to establish and verify it as an exhibit approved by the judge who refused to sanction the petition. What is necessary to authenticate a petition which the judge of the superior court has refused to sanction, when it does not precede the judge's certificate (as it would if the petition were incorporated in the bill of exceptions), but follows it by being annexed? Clearly, to attach the petition itself, without more, would not be a compliance with the rule; and the signature of the judge to his order refusing sanction, entered on the petition, does not suffice. In *Watson* v. *McCarty, 72 Ga.* 216, the bill of exceptions set out that the judge of the superior court refused to sanction the petition for certiorari, and there was attached to the bill of exceptions, following the certificate of the judge, what purported to be the petition for certiorari, with what purported to be his order refusing sanction; but the writ of error was dismissed upon the ground that the petition was not sufficiently identified. See also *Elsas* v. *Clay, 67 Ga.* 327. In the *Elsas* case, as in *James* v. *Davis, 76 Ga.* 100, *Lake* v. *Kellum, 99 Ga.* 130 (24 S. E. 874), and *Fleming* v. *Bainbridge, 84 Ga.* 622 (10 S. E. 1098), it was held that since the petition had not been sanctioned, it could not be lawfully filed, and consequently was no part of the record, and could not be brought up as such. But in the rulings in all of these cases attention is called to the fact that the original petition can be attached to the bill of exceptions so as to ·be presented for the consideration of the reviewing court, provided it be verified by the judge. How verified? As already stated, the mere attaching of the paper which purports to be the petition that was presented to the trial judge, with the order refusing sanction, is not sufficient identification, and this court so held in *Bekakas* v. *Macon, 12 Ga. App.* 203 (76 S. E. 1063), in which the refusal to sanction (signed by Judge Harris, who presided) appeared upon the papers annexed to the bill of exceptions; but in that case there was nothing upon the petition to identify the paper as the petition referred to in the bill of exceptions, and it was possible for Bekakas to have presented two petitions for certiorari, and it could have happened that the petition attached might by mistake have been attached instead of the petition referred to in the bill of exceptions.

The bill of exceptions in the present case recites that the plaintiff in error identifies the original petition for certiorari. The requirement of the rule laid down by the Supreme Court is that the judge shall identify it. It is true that the certificate of the judge says that "the plaintiff in error attaches hereto as exhibits and as a part of the bill of exceptions the original petition and exhibits thereto," but there is nothing upon the annexed papers themselves to show that *they* are the papers the judge had before him at the time he certified the bill of exceptions.

It seems to us that in all the decisions touching the point there is a mandatory requirement that the judge shall, upon the petition for certiorari itself, verify and certify to this court that it is the original petition or a copy of the paper presented to him, and that a mere reference to the paper attached to the bill of exceptions is insufficient, although the reference be coupled with the statement that it is the original petition. And it seems to us that the circumstances of the present case illustrate the necessity for a strict construction of the rule requiring that an unsanctioned petition for certiorari shall be verified or identified by the judge. The reviewing court can not tell whether the lower court committed error unless it *knows* that the paper submitted to its consideration is the same document, identical in every respect with that which was presented to the judge below. And in a case where the petition for certiorari refers to a number of exhibits, and the merit of the court's decision depends largely upon the contents of these exhibits, it is absolutely necessary that they shall be identical. In the present instance there are, in what purports to be the petition for certiorari, exhibits alleged to be copies of minutes of a corporation; an alleged copy of a contract transferring the choses in action of this corporation, containing pages of names and amounts; purported notices to stockholders to attend meetings, and other documents, which are typewritten; and in addition to these there is a printed copy of what purports to be the by-laws of a corporation. None of these exhibits are identified by the signature of the judge, or even bear his initials, to say nothing of the absence of identification by means of a statement that these are the exhibits referred to in the bill of exceptions. From the recital in the bill of exceptions we know that there were exhibits attached to the petition for certiorari, which were presented to the judge, but we do not know, nor is there

any way of determining, how many exhibits were attached to this petition when it was so presented, nor have we any intimation whatever as to the subject to which the exhibits referred. The single purpose of the well-settled rule, laid down by the Supreme Court, was to provide for the judge's verification of the petition, with the exhibits presented with it, and that the verification should be definite and conclusive; and this result can not be reached by a statement merely that a paper attached to the bill of exceptions is the petition for certiorari which was in fact presented, when the major portion of the petition consists of exhibits, the statements and contents of which necessarily control the ruling, as in the present case, and the verification of the bill of exceptions goes no further than to inform us that there were exhibits attached to the petition when presented.

Upon an examination of the original record in *Bekakas* v. *Macon,* supra, we find but one difference between the record in that case and in the case at bar: In that case the acknowledgment of service followed the certificate of the clerk of the lower court, and in the present case the acknowledgment of service preceded the clerk's certificate. Under the well-settled rule that whatever precedes the certificate of the judge is verified thereby, the embodiment of a petition, the sanction of which was refused in the bill of exceptions (even though it be a copy and not the original), verifies the statements and assignments of error therein. But since the rule is equally well settled that what succeeds the certificate of the judge can be verified only so far as it is identified and certified by the recitals preceding the certificate, it follows that the identification and certification dependent upon the recital shall be complete, unequivocal, and absolute. And in that view of the matter we hold that when a plaintiff in error attaches a copy of the petition to the bill of exceptions instead of incorporating it therein, it is necessary for the judge to refer to the annexed petition by citing some visible marks of identification which will unequivocally show to this court that the paper referred to is beyond question identical, as to its contents, with that which was presented to the court below.

*Writ of error dismissed. Roan, J., absent.*