8668.   ABERCROMBIE *et al. v.* GURLEY.

1. Where one obtains sanction of a petition for certiorari within the time fixed by law, he may present the petition for filing to the clerk of the superior court at any time within three months from the date of the judgment complained of. When the petition is so filed more than 20 days before the next term of that court, the writ should be made returnable to that term; but the plaintiff in certiorari is not required to present his petition to the clerk for filing within less than three months from the date of the judgment complained of, merely because a term of superior court would otherwise intervene between the time when the petition is sanctioned and the term to which the writ is of necessity made returnable by the clerk, because filed too late for the term next succeeding the sanction.

2. The bond and security and certificate as to the payment of costs, which are a prerequisite to the issuance of a writ of certiorari in a civil case, where no pauper's affidavit is supplied in lieu thereof, may be executed or obtained at any time within three months from the date of the judgment complained of, and before the duly sanctioned petition for certiorari is presented to the clerk of the superior court in order that the writ of certiorari may issue thereon.

3. Where it does not appear what objection was made to a bond, and it is not alleged, in a motion to dismiss a certiorari on that account, wherein the bond was deficient or failed to conform to the law, no question is raised for adjudication by this court.

DECIDED DECEMBER 12, 1917.

Certiorari; from Douglas superior court—Judge Bartlett. December 20, 1916.

*James & Bedgood, J. S. Edwards,* for plaintiffs in error.

*J. R. Hutcheson, Astor Merritt,* contra.

WADE, C. J. A judgment was rendered on July 12, 1916, in a hearing commenced on the day before, by the commissioners of roads and revenues of Douglas county, in a proceeding to establish a public road in that county; and on July 21, 1916, a petition for certiorari brought by H. W. Gurley, the party objecting to the establishment of said road and against whom judgment was rendered, was sanctioned by the judge of the superior court, and was thereafter filed in the superior court of said county on September 13, 1916, less than three months from the date of the rendition of the judgment complained of; bond and security having been given and a certificate as to the payment of costs having been obtained prior to the filing of the petition. When the case came on to be heard in the superior court at the September term, a motion to dismiss the certiorari was filed, and on the hearing thereof it was overruled. The defendant in certiorari excepted to this ruling, and its propriety is the question presented to this court for decision. The motion to dismiss is given in full as follows:

"1. Because the case was tried on the 11th day of July, 1916, and petition for certiorari presented to Honorable A. L. Bartlett, judge of the superior court of Tallapoosa circuit, on the 21st day of July, 1916, and on that day sanctioned by the court and returned to counsel for the plaintiff, and was kept by them in their possession and not filed in the clerk's office of Douglas county until the 13th day of September, 1916, and on that day the writ of certiorari was issued by the clerk of the superior court of Douglas county under the direction of plaintiff's counsel. Said clerk made the writ of certiorari returnable to the March term, 1917, by the special request of the plaintiff. The petition for certiorari with the sanction of the court should have been filed in the clerk's office at least twenty days before the September term, 1916, of the superior court of Douglas county, which was not done; and the certiorari should be dismissed for want of compliance with the strict provisions of the term of the law.

"2. Because said petition for certiorari with the sanction of the court should have been filed in the clerk's office of the superior court of Douglas county at least twenty days before the September term, 1916, which court convened on the 18th day of September, 1916, and the petition for certiorari was only filed, as before stated, on the 13th day of September, 1916, five days before said

term of the superior court; and being by the direction of plaintiff's counsel returnable to the March term, 1917, the petition for certiorari and all the proceedings under it become void and should be dismissed. Cost was not paid within 30 days from judgment rendered.

"3. Because said petition and the sanction of the same should not have been filed in the clerk's office of the superior court of Douglas county, and the certiorari issued twenty days before the September term, 1916, of said court, but the plaintiff in certiorari or his attorneys should have delivered the petition for certiorari and the sanction of the same, and all the papers connected therewith, to the board of county commissioners of roads and revenues of Douglas county fifteen days before the 1st day of the September term of said court, 1916, which was not done. Said petition has never been delivered to said commissioners so that it might be answered, which is through the neglect and by the express direction of the plaintiffs' attorneys; and it should be dismissed for the reason that it has not been delivered to said board of commissioners, and made returnable to the September term of the superior court of Douglas county, fifteen days before the September term of said court, 1916, and should therefore be dismissed for failure to comply with the statute in such cases.

"4. Because the petitioner for certiorari did not pay the cost and give the bond required by law until long after the sanction of the writ of certiorari; the certiorari being presented and signed by the judge of the superior court of the Tallapoosa circuit on July 21st, 1916, and the giving of the bond by the plaintiff in certiorari was on the 8th day of August, 1916, and the payment of the cost was on the 11th day of August, 1916, Wherefore, the same should be dismissed on this ground.

"5. The pretended bond given by H. W. Gurley, and his son, the security, is not the kind of bond contemplated by law in this kind of a case. It is not payable as it should be, and the condition in the bond not such as required by law, and the bond is therefore void, and no legal bond given as required by law; hence the petition for certiorari and all proceedings should be dismissed."

Section 5188 of the Civil Code is as follows: "All writs of certiorari shall be applied for within thirty days after the final determination of the case in which the error is alleged to have been

committed, and not after; and shall be made returnable to the next superior court after the issuing of the same, unless said superior court shall sit within twenty days after the issuing of said writ, in which case said writ shall be made returnable to the next succeeding court." Under the precise language of this section of the code a writ of certiorari which has been applied for within thirty days after the final determination of the case should be made returnable to the next superior court "after the issuing of the same," unless the next regular term of the superior court shall commence "within twenty days after the *issuing of said writ*" (italics ours), in which last-mentioned case the writ "shall be made returnable to the next *succeeding* [italics ours] court." The section does not provide, as urged in the motion to dismiss, that a petition for certiorari which has been previously sanctioned by the judge of the superior court must be made returnable to the next term of the superior court *after the sanction* of the same, unless said court shall sit within twenty days of such *sanction;* but the requirement fixed by the statute is, when the clerk issues the writ based upon a petition for certiorari previously sanctioned by the judge of the superior court, that said *writ* shall be made returnable to the next term of the superior court after "the issuing of the same," the words "issuing of the same" referring to the issuing of the writ, and not the sanction of the petition for certiorari. From the recitals in the motion to dismiss, it appears that the certiorari was sanctioned on July 21, 1916, but that the same was not presented by counsel for the plaintiff in certiorari to the clerk of the superior court for filing until September 13, 1916, five days before the regular term of said court convened; and it is insisted in the motion and in the brief of counsel for the plaintiff in error that the entire proceeding is void and should have been dismissed, because the said regular term of the superior court convened more than twenty days from the date of the sanction of the petition for certiorari, and the same was not made returnable thereto, but by direction of counsel for the plaintiff in certiorari the clerk made the same returnable to the next succeeding term of the superior court, which convened in March, 1917.

It is said in *Carson* v. *Forsyth,* 97 *Ga.* 258 (22 S. E. 955): "Under section 4057 of the code [Civil Code, 1910, § 5188], as amended by the act of 1889 (Acts of 1889, p. 84), in order to

authorize the issuing of a writ of certiorari, it must be 'applied for' within thirty days from the date of the judgment complained of; and if this is done, and the sanction obtained, then, under section 2920 of the code [Civil Code, 1910, § 4365], which was not amended by the above-recited act, the petition may be filed at any time within three months from the date of the judgment sought to be reversed." In *Seagraves* v. *Powell Co.*, 143 *Ga.* 572 (85 S. E. 760), in a careful review of various sections of the code relating to certiorari, Mr. Justice Lumpkin quoted the decision in the *Carson* case, supra, and reaffirmed the correctness thereof. The rulings in the two cases just cited interpret the statute law touching certiorari as it now exists. The language used in the *Carson* case, and approved in the *Seagraves* case, could hardly be made more plain; for it is there expressly declared that where the sanction is obtained in time, "the petition may be filed at any time within three months of the date of the judgment sought to be reversed." The petition in this case was filed within three months of the date of the judgment sought to be reversed, but, being filed within less than twenty days of the next ensuing term of the superior court, the clerk properly made the case returnable to the next succeeding term thereafter; and this he should have done regardless of whether he was requested so to do by the counsel for the plaintiff in certiorari. His action in this particular was in exact accord with section 5188 of the code, and also with section 5189; for if he had made the case returnable to the September term, convening only five days from the date of the filing, it would have been impossible to issue the writ of certiorari and deliver it to the party to whom it was directed "at least 15 days previous" to the September term. The plaintiff in certiorari was within his legal rights in withholding the petition for certiorari (which had been duly sanctioned) from filing until such time, "within three months from the date of the judgment sought to be reversed," as suited his convenience or pleasure. It is not necessary for this court to attempt to justify the existence of a plain statutory provision; but it may be said, in passing, that one conceivable reason why the plaintiff in certiorari is allowed by law the privilege of filing his petition at any time within three months from the date of the judgment complained of, is in order that he may be able to arrange bond and security and raise the necessary

costs, where a pauper's affidavit is not employed. In *Gregory* v. *Daniel,* 93 *Ga.* 795 (20 S. E. 656), cited by counsel for the plaintiff in error, it is held that "a certiorari is returnable to the term of the court first held after twenty days from the time *the writ is issued*" (italics ours). Again, it was said in *Bunn* v. *Henderson,* 113 *Ga.* 609, 611 (39 S. E. 78), also cited by counsel for plaintiff in error, that the code "makes a writ of certiorari returnable to the next superior court *after its issuance* [italics ours], unless the court sits within twenty days thereafter. In the present case, more than twenty days elapsed between the time the writ was applied for and the sitting of the court." It is hardly necessary to especially point out that both of these decisions hold that the writ of certiorari is returnable to the next superior court *after its issuance,* unless that court sits within twenty days from such issuance, and that the issuance of the writ of certiorari and the sanction of the petition for certiorari are quite different.

At the close of the second ground of the motion to dismiss, it is further suggested that "cost was not paid within thirty days from the judgment rendered." There is no provision of law requiring that the antecedent costs shall be paid before a petition for certiorari in a civil case is presented for sanction, or "within thirty days" from the date the judgment complained of was rendered. Section 5185 of the Civil Code provides that before the writ of. certiorari *shall issue,* except where a pauper's affidavit is made, the party applying for the same, his agent or attorney, shall produce a certificate that all costs accruing on the trial before have been paid. If the petition for certiorari is sanctioned within time and the same is presented to the clerk for filing within three months from the date of the judgment complained of, it is enough if at the time the petition is so presented for filing a certificate be produced showing the payment of the costs, even though such certificate be dated on the very day when the petition is so presented for filing.

What is said above practically disposes of the first three grounds of the motion to dismiss. The 4th ground merely reiterates the objection last discussed, as to the time of the payment of the costs, and raises the further objection that the bond was not executed until the 8th day of August, 1916, "long after the sanction of the writ of certiorari.". The bond, however, was executed before the

certiorari was presented to the clerk for filing and before the issuance of the writ of certiorari. The statute expressly provides that the bond shall be given before the *writ* of certiorari *shall issue;* and it has been time and again held that a writ of certiorari not sued out in forma pauperis is void *if issued* before bond is given (see *Carpenter* v. *Southern Railway Co.,* 112 *Ga.* 152, 37 S. E. 186; *Dykes* v. *Twiggs County;* 115 *Ga.* 698, 42 S. E. 36; *Simpkins* v. *Johnson,* 3 *Ga. App.* 437 (2), S. E. 202); but if the petition in a civil case is accompanied by a sufficient bond at the time of filing, the express requirement of the statute will be complied with. As to the time when the costs of the antecedent trial must be paid and a bond given in order to obtain a writ of certiorari in a civil case, the following ruling in *Fuller* v. *Arnold,* 64 *Ga.* 599 (3) is sufficiently explicit: "Before a writ of certiorari can be legally issued by the clerk of the superior court, there must be filed in his office, within three months from the decision, both the petition, sanctioned by the judge, and also a certificate of the magistrate that all costs have been paid and bond and security given, or a pauper affidavit in lieu thereof. Where the magistrate did not sign such a certificate within three months from the decision, the certiorari should have been dismissed." It must only appear that the proper officer signed the certificate as to the payment of costs "within three months from the decision," and that bond and security had been given or a pauper affidavit in lieu thereof. The 5th ground of the motion to dismiss the certiorari can not be considered, inasmuch as it complains that the bond given by the plaintiff in certiorari "is not the kind of bond contemplated by law in this kind of a case," and "it is not payable as it should be, and the condition in the bond not such as required by law;" but the ground fails to indicate why the same "is not the kind of bond contemplated by law," or how it should have been made payable, or what condition should have been placed therein.

The court did not err in overruling the motion to dismiss the petition for certiorari upon any of the grounds presented therein.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*