## 26525. HERRINGTON *v.* CITY OF VALDOSTA.

BROYLES, C. J. 1. This court "can not determine whether a refusal to sanction a petition for certiorari was or was not erroneous, where a copy of the petition is neither embodied in the bill of exceptions nor attached thereto and verified by the judge. Such petition, not having been sanctioned, could not be lawfully filed, and therefore was no part of the record, and could not be brought up as such. *Elsas* v. *Clay,* 67 *Ga.* 327; *James* v. *Davis,* 76 *Ga.* 100; *Fleming* v. *City of Bainbridge,* 84 *Ga.* 622" (10 S. E. 1098). *Lake* v. *Kellum,* 99 *Ga.* 130 (24 S. E. 874).

2. "The fact that a judge of the superior court to whom a petition for certiorari is presented enters thereon and signs an order refusing to grant the writ does not constitute such petition a part of the record of the case to which it relates, and a certified copy of it can not be brought to this court as a portion of such record." *Central of Ga. Ry. Co.* v. *Whitehead,* 105 *Ga.* 492 (30 S. E. 814), and cit.; *Wood* v. *County of Tattnall,* 115 *Ga.* 1000 (42 S. E. 403); *Sullivan* v. *Surrency,* 15 *Ga. App.* 301 (82 S. E. 926), and cit. Applying the preceding rulings to the facts of the instant case, the writ of error must be

*Dismissed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 2, 1937.

490

*West L. Cranford, J. G. Cranford,* for plaintiff in error.
*Franklin & Eberhardt, George R. Lilly,* contra.