JONES, Justice, *v.* JOHNSON & LEDBETTER CONSTRUCTION COMPANY.

ANDERSON, administrator, *et al., v.* JOHNSON & LEDBETTER CONSTRUCTION COMPANY.

Nos. 12011, 12012. January 11, 1938.

*Weir S. Gaillard,* for plaintiff in error.

*T. F. Christian* and *Wheeler & Kenyon,* contra.

Russell, Chief Justice. A garnishee against whom judgment had been rendered in a justice's court brought mandamus proceedings against the magistrate, praying that he be compelled to approve a certiorari bond and sign a certificate as to payment of costs. Contemporaneously with the filing of the petition for mandamus, the garnishee brought a petition for injunction against the plaintiff in execution and the constable of the justice's court, praying that they be enjoined from proceeding with a sale of certain property which had been levied on by the constable under execution following the judgment rendered against the garnishee. The allegations of fact in each of the petitions were substantially identical. Neither the petition for mandamus nor the petition for injunction alleged that a petition for certiorari had been prepared or sanctioned. Both petitions were demurred to, one ground of demurrer being that "said petition fails to set forth as an ex-

hibit the intended or prepared petition for certiorari, or to show that plaintiff has any ground therefor, or that there is any judgment subject to certiorari, or that said petition has theretofore been sanctioned." The judge overruled the demurrers to both petitions, and after hearing evidence granted a mandamus absolute and an interlocutory injunction, as prayed for respectively in the two petitions. The justice of the peace assigns error on the overruling of the demurrer to the petition for mandamus; and the plaintiff in execution and the constable complain of the overruling of the demurrer to the petition for injunction. In each case a motion is made to dismiss the writ of error, on the ground that the issues therein are moot, because the justice of the peace has approved the certiorari bond. The plaintiff in error in each case denies the truth of the statements containd in the motions to dismiss. *Held:*

1. "It not appearing without dispute that the case is moot, the writ of error will not be dismissed. *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455)." *Wilson* v. *Eatonton,* 180 *Ga.* 598, 602 (180 S. E. 227).

2. "When either party in any cause in a justice's court . . shall be dissatisfied with the decision or judgment in such cause, such party may apply for and obtain a writ of certiorari by petition to the superior court, in which petition he shall plainly and distinctly set forth the errors complained of. On such petition being filed in the office of the clerk of the superior court, with the sanction of the judge of the circuit, . . together with the bond or affidavit, as hereinafter provided, it shall be the duty of such clerk to issue a writ of certiorari, directed to the justice of the peace of the district where the decision complained of was made, . . requiring such justice of the peace . . to certify and send up all the proceedings in said cause to the superior court, as directed in said writ of certiorari." Code, § 19-203.

3. "Before any writ of certiorari shall issue, except as hereinafter provided, the party applying for the same, his agent, or attorney shall give bond and good security, conditioned to pay the adverse party in the cause the eventual condemnation-money, together with all future costs, and shall also produce a certificate from the officer whose decision or judgment is the subject-matter of complaint, that all costs which may have accrued on the trial

below have been paid; which bond and certificate shall be filed with the petition for certiorari; and security on said bond shall be liable as securities on appeal." Code, § 19-206.

4. "It is not necessary to attach to a petition for certiorari a certificate of the magistrate that costs have been paid and security given, before the sanction of the judge can be obtained." *Fuller* v. *Arnold,* 64 *Ga.* 599 (2); *Conyers* v. *Ford,* 111 *Ga.* 754, 756 (36 S. E. 947); *Sullivan* v. *Surrency,* 15 *Ga. App.* 301 (82 S. E. 926).

5. Applying the foregoing rulings to the facts of the instant case, the presentation to the justice of the peace, for approval, of a certiorari bond, was untimely because premature, the certiorari bond not being required to be given before the petition for certiorari has been sanctioned by the judge; and consequently the justice of the peace can not be compelled by mandamus to approve a certiorari bond before sanction of the petition for certiorari. The court erred in overruling the demurrer to the petition for mandamus.

6. The judgment rendered by the justice of the peace was final until reversed or set aside; and it not appearing that a valid petition for certiorari had been sanctioned, no cause was shown why the judgment and execution issued by the justice of the peace should not be enforced by levy and sale; and consequently the judge erred in overruling the demurrer to the petition for injunction.

*Judgment reversed in both cases. All the Justices concur.*