29966. LEWIS, trustee, *v.* FRY.

Decided April 22, 1943.   Rehearing denied June 8, 1943.

*Edward T. Hughes,* for plaintiff.

*Frank S. Twitty, W. Winton Warren,* for defendant.

SUTTON, J. ■ A motion was made by the defendant to dismiss the writ of error on the ground that the case has become moot for stated reasons, but the response to the motion raises issues of fact as to the contention of the defendant. It thus not appearing without dispute that the case is moot, the writ of error will not be dismissed. *Tuells* v. *Torras,* 113 *Ga.* 691 (39 S. E. 455); *Wilson* v. *Eatonton,* 180 *Ga.* 598, 602 (180 S. E. 227); *Jones* v. *Johnson,* 185 *Ga.* 323, 324 (1) (194 S. E. 902).

■ It is contended in the brief of counsel for the plaintiff that only the general demurrers were passed on by the trial court, but the defendant contends that the special demurrers were also sustained. The bill of exceptions assigns error only on "the action of the court in sustaining the general demurrer and in dismissing the petition" and specifies, as material to a clear understanding of the errors complained of, the petition and amendments of the plaintiff, "the general demurrers filed by the defendant, together with the renewal thereof after the amendments," and the "order and judgment of the court in sustaining the general demurrer and in dismissing the petition." The order entered by the court in ruling on the demurrers is set out in the foregoing statement of facts,

and from it we can not say as a matter of law that it shows that, as contended by the defendant, the special demurrers were ruled on along with the general grounds of demurrer. While the special demurrers were not specified to be sent up, the clerk of the trial court has included copies of them in the record transmitted to this court, and from an inspection of some of them it must be said that it could not reasonably be concluded, in view of the amendments made to the petition after the special demurrers were filed, that the trial judge really intended by his order to rule that such grounds of special demurrer were meritorious even after the petition had been amended. For instance, the original petition alleged that the plaintiff was the duly-constituted trustee of Mrs. Janie Bennet Lewis, and as such was in possession and control of certain described realty. The defendant demurred specially on the grounds, among others, that it was not stated when or in what manner or by what authority the plaintiff was constituted the trustee of Mrs. Lewis, and that the petition did not show that the plaintiff had any lawful right or authority to file the petition, and that the plaintiff relied on an express trust agreement upon which to base his suit and no copy of such trust conveyance was attached to or made a part of the petition. Thereafter the plaintiff amended the petition to read that he was the duly-constituted trustee of Mrs. Janie Bennet Lewis and such remaindermen as are described in a copy of deed attached to the petition as exhibit "A" and which copy of deed was in fact attached, and that as such trustee he had been in possession and control of the described realty since October 27, 1939. Other illustrations might be made as indicating that the court did not pass on the special demurrers of the defendant, but dismissed the action only on the supposed merit of the grounds of general demurrer that no cause of action was set out in the petition as amended and that the plaintiff shows no title or right of recovery of damages to any of the property referred to in said petition. Accordingly, the case will be treated as involving only the question whether or not the court erred in sustaining the general demurrer and in dismissing the plaintiff's action.

Does the petition as amended show that the plaintiff was entitled to maintain the action? The answer depends upon a determination of whether or not the trust deed relied upon conveyed title to the plaintiff in trust for the grantor and in trust for others

after her death. Does the petition as amended show that the things alleged to have been removed by the defendant were parts of the realty to which the plaintiff claimed to hold title in trust, or is it shown that they were trade fixtures which the defendant had a right to remove before the expiration of his tenancy? "A person can not by deed create out of his own property, upon his own behalf, a trust estate. A deed executed for such a purpose is void, and passes no interest, legal or equitable, to the trustees named. In such a case the whole title remains in the grantor, and the property so sought to be conveyed is subject to the payment of his debts." *Sargent* v. *Burdett*, 96 *Ga.* 111 (22 S. E. 667). See *City of Rome* v. *Shropshire*, 112 *Ga.* 93 (37 S. E. 168), in which it was ruled: "A conveyance in trust for a woman, married or single, of full age and sound mind, with no remainder to protect, and nothing prescribed for the trustee to do, operates to pass the legal title immediately into the beneficiary, the conveyance being made since the passage of the act of 1866 which secures to women all their property as separate estate. The trust is executed." In the *Sargent* case, supra, it was said in the opinion: "Our Code provides for the creation of trusts only in favor of certain specified classes of persons, viz.: minors, persons non compos mentis, and such persons who, on account of mental weakness, intemperate habits, wasteful and profligate habits, are unfit to be put in the management and right of property. Since the passage of the woman's enabling act of 1866, though prior thereto it could be done, a trust can not now be created in favor of a woman because of her sex alone, because, whether she be feme sole or feme covert, she is capable to take in law the absolute fee, free from the debts and control of her husband; and therefore inasmuch as a trust attempted to be created in favor of a woman, married or single, stands executed eo instanti with its creation, it is incapable of being created. Upon this reasoning it has been held in *Gray* v. *Obear*, 54 *Ga.* 231, that a trust estate can not be created in property in this State for the sole benefit of a full grown man who is sui juris, and be conveyed to a trustee for the purpose of protecting it against his creditors, or for the purpose of depriving him of the free use and enjoyment of such property as the owner thereof. This general statement is of course with the qualification, that *if there be limitations over and restrictions in favor of other persons for*

*whose use a trust is capable of being created, the trust estate would be upheld.* [Italics ours.] By section 2314 of the Code [1933, § 108-112], in case of an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary, according to the terms and limitations of the trust. The words, 'capable of taking and managing property,' relate to the mental and not to the physical capacity; for whatever may be the physical condition of a cestui que trust, if he labor under no mental infirmity which prevents the management and control of his estate, a trust in favor of such a person is, nevertheless, executed."

The Code, § 108-111, declares: "Trusts are either executed or executory. In the former, everything has been done by the trustee required to secure the property or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, the doing of which requires him to retain the legal estate." It may be necessary for the trustee to determine what person, once uncertain, is entitled to take. the remainder interest after the death of the beneficiary of the life use. In *Woodbery* v. *Atlas Realty Co.*, 148 *Ga.* 712 (98 S. E. 472), it was held: "Where the terms of a conveyance by deed to a trustee are large enough to embrace the fee in the premises described, and this fee is carved up into an estate for life in favor of one beneficiary and a remainder in behalf of other beneficiaries, who are uncertain and unascertained, the instrument should be construed as clothing the trustee with full title, and the title as to the remainder should be considered as abiding in him so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time, the trust is executory, and the remainder is an equitable, not a legal, estate." To the same effect see *Burton* v. *Patton*, 162 *Ga.* 610 (2) (134 S. E. 603), where, as stated in the headnote, "a testator devises certain described realty to a named person as trustee for A 'during her natural life, and after her death to her children then in life, and representatives of any children who may have died leaving children, the children

of deceased child or children taking their father's or mother's share.'"

Under the above authorities and the deed here involved, we think that the plaintiff was clothed with full title, not only during the lifetime of the grantor, but with title also in trust for the remaindermen who could not be ascertained, as entitled to take and enjoy the property, until after the death of the beneficiary of the life estate. The remainder over which was created by the deed, "share and share alike to her two sons [naming them] and their lineal descendants, or the survivors of them," was not limited to a *certain* person or persons in esse at the time of the death of the grantor, for whom a life estate was carved out of the property by her deed. As was said in *Singer* v. *First Nat. Bank & Trust Co.*, 195 *Ga.* 269 (24 S. E. 2d, 47): "It has often been held that a grant or devise to A and the heirs of her body, or words of similar import, operates to vest the fee-simple title in A. . . 'This rule would not apply, however, where a less estate has been carved out, and the term 'heirs of her body,' or words of similar import, are used in connection with a limitation over in remainder." See also *McArthur* v. *Bone*, 183 *Ga.* 796, 799 (189 S. E. 831).

Hence, at the death of the holder of the life estate in the present case, if one of her two sons was in life and there was also in life a child or children of the other son, who had died, such child or children coming within the description of "their lineal descendants, or the survivors of them," the son would not alone take the property in fee simple, but such child or children would share with him as tenants in common, but taking per stirpes as provided in the instrument. It is clear, therefore, that until the death of the holder of the life estate it could not be ascertained who would take the property as remaindermen. The trust created was executory, and title abided in the trustee for the purposes expressed in the deed. Until the death of the grantor the identity of the remaindermen, entitled to take and enjoy the property, and designated in the deed as her two sons "and their lineal descendants, or the survivors of them," could not be ascertained. The plaintiff was empowered to hold the property in trust, not only for the grantor in her lifetime, but for unascertained remaindermen, and at the death of the grantor to *still hold it* a sufficient length of time to enable the trustee to ascertain the person or persons entitled to the re-

mainder over and then to distribute and convey the title accordingly. The trust engrafted upon the life interest was clearly executory and equitable, and not legal, in its nature, and the title being in the plaintiff as trustee he had the right to institute and maintain the present suit in that capacity. If, therefore, the petition as amended alleged that parts of the realty, title to which was in the plaintiff, were unlawfully removed by the defendant, a cause of action was set forth, and the court erred in sustaining the grounds of general demurrer. If the things removed were, under the allegations of the petition as amended, merely trade fixtures which were installed and owned by the defendant, no right to recovery of damages is shown.

The petition does not intimate that the shelving and counters taken from the store building were placed therein by the defendant but, properly construed, alleges that they were attached to and a part of the store building before it was rented to the defendant. Under the trust deed, therefore, the title thereto was in the plaintiff at the time of the removal from the building. As respects these articles the petition as amended clearly showed a right in the plaintiff to recover the value thereof. The petition alleges, with respect to the storage room, that it was erected on the property at the rear of the store building with the agreement with the plaintiff, as agent of Mrs. Lewis, before he became trustee under the deed, that if the defendant were allowed to occupy the store building for two years as a tenant the storage room would be considered as part of the realty and the property of Mrs. Lewis, the plaintiff's predecessor in title. It was alleged that the defendant did occupy the store buildings as a tenant for two years, and vacated the premises of his own volition, without any compulsion whatever of the owner, taking with him without authority the described storage room. Thus a tort action in trespass for the value of the storage room was brought by the plaintiff. The damages were not, as argued by the defendant's counsel, such as arose ex contractu. The references to the agreement that the storage room upon being erected by the defendant would, after a tenancy of two years, become a part of the realty and be the property of the owner of the store building, and not be considered as a trade fixture and removable by the tenant, do not characterize the action as one ex contractu, but merely explain in what manner the storage room became a part of the realty,

all of which title was in the plaintiff as trustee at the time of the unauthorized removal of the storage room.

The petition as amended set forth a cause of action in favor of the plaintiff as trustee, and the trial court erred in sustaining the grounds of general demurrer and in dismissing the action.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*