35220. BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSO.
v. RESERVE LIFE INSURANCE CO. *et al.*

CARLISLE, J. On April 21, 1953, a Deputy Marshal of the Civil Court of Fulton County, under an attachment sued out by Reserve Life Insurance Company against T. J. Hubbard, levied on a described Cadillac automobile which was pointed out by the attorneys for the plaintiff in attachment as the property of the defendant in attachment and found in his possession. Bank of America National Trust & Savings Association interposed its claim to the automobile. On June 4, 1953, the issue made by the claim proceeded to trial, and after the introduction of all the evidence the trial court directed a verdict against the claim and in favor of the plaintiff in attachment. The claimant moved for a new trial on enumerated grounds, and on June 17, 1953, the trial court granted a new trial. The plaintiff in attachment petitioned the Superior Court of Fulton County for writ of certiorari to review the judgment granting the new trial. The petition was sanctioned on July 15, 1953. On July 15, 1953, the trial court certified that all accrued costs had been paid, and on July 20, 1953, attested and approved the certiorari bond. The clerk of the superior court certified that the certiorari bond was filed in that court on July 20, 1953. Notice of sanction and time and place of the hearing were duly served. The trial judge filed his answer to the petition, and the claimant demurred to the petition upon enumerated grounds. The demurrer was overruled, the petition for certiorari was sustained, and the judgment of the trial court granting a new trial was reversed. The present writ of error has been brought to this court to have those judgments of the superior court reviewed.

1. While it is alleged in the petition for certiorari that exception is taken to the judgment of June 17, 1953, granting a new trial, and it is recited in the writ of certiorari that the judgment complained of is that of June 4, 1953, granting a new trial, this variance is not such as will work a dismissal of the petition for certiorari. This is obviously a clerical error, as the only judgment granting a new trial was that of June 17, 1953, and the trial judge in his answer certifies this to be true by certifying all the allegations of the petition for certiorari to be true. Ground 2 of the demurrer to the petition for certiorari was properly overruled.

2. Ground 3 of the demurrer, in which it is alleged that no valid or lawful bond is shown, will not be considered by this court, as this ground does not specify wherein the bond is deficient. *Abercrombie* v. *Gurley*, 21 *Ga. App.* 389 (3) (94 S. E. 606).

3. The fact that one of the sureties on the bond prefixed her signature with the title "Mrs." does not invalidate the bond as constituting a contract of suretyship with a married woman. Such title does not necessarily import that the person using it is married. *Wrightsville & Tennille R. Co.* v. *Vaughan*, 9 *Ga. App.* 371 (1a) (71 S. E. 691). Ground 4 of the demurrer was properly overruled.

4. Where the condition of the bond complies with the provisions of Code § 19-206, that is, "to pay the adverse party in the cause the eventual condemnation money, together with all future costs," the fact that the bond does not bind the parties to pay a stated penal sum does not

vitiate the bond. *Westbrook* v. *Moore,* 59 *Ga.* 204. Ground 5 of the demurrer was properly overruled.

5. The approval and filing of the requisite certiorari bond are conditions precedent to the issuance of the writ of certiorari, but are not conditions precedent to the sanction of the petition for certiorari. *Fuller* v. *Arnold,* 64 *Ga.* 599; *Sullivan* v. *Surrency,* 15 *Ga. App* 301 (82 S. E. 926). Grounds 6 and 7 of the demurrer were properly overruled.

6. Ground 8 of the demurrer was properly overruled for the reason stated in division 3 of this opinion.

7. A certiorari bond need not be under seal (*A. R. King & Co.* v. *Cantrell,* 4 *Ga. App.* 263, 61 S. E. 144), and ground 9 of the demurrer, complaining that the bond was not lawfully sealed, was properly overruled.

8. "Where in the trial of a claim case it appears that at the time of the levy the defendant in fi. fa. was in possession of the property levied upon, the burden is upon the claimant to show his title. Such burden having fallen upon the claimant in this case, and there being a total failure to carry it, the only legal result, under the evidence adduced, was a verdict in favor of the plaintiff in fi. fa. Such verdict, though directed, could not lawfully be set aside by the grant even of a first new trial, in the absence of some error which could have contributed to the result." *Jones Motor Co.* v. *Finch Motor Co.,* 34 *Ga. App.* 399 (1) (129 S. E. 915). Under an application of the foregoing rules of law, the superior court did not err in sustaining the certiorari and reversing the judgment of the trial court granting a new trial. The plaintiff in attachment established its prima facie case by its showing that the property was levied on as that of the defendant in attachment and was found in his possession. All the evidence shows title to the automobile in question to be in Mrs. Hubbard, although she admitted that the claimant held a lien thereon in the form of a chattel mortgage. The claimant sought to introduce the chattel mortgage in evidence to establish its claim of lien on the automobile. The court, on objection of the plaintiff in attachment, excluded the mortgage and no exception was taken to such action. Mrs. Hubbard's testimony failed to establish when the mortgage was executed or whether or not it had been properly recorded. Her testimony was insufficient to establish that the claimant held a lien on the automobile. Under these circumstances, the claimant failed entirely to establish its claim, and a verdict for the plaintiff in attachment was demanded, as no antecedent error which contributed to the result was made to appear. *Jones Motor Co.* v. *Finch Motor Co.,* supra.

DECIDED JULY 7, 1954.

*Head & Hanna,* for plaintiff in error.

*James W. Schell, Wright, Oxford & Love, E. A. Wright, Robert Eskew,* contra.