21739.   ADAMS v. LAY et al.

ARGUED SEPTEMBER 10, 1962—DECIDED OCTOBER 22, 1962—
REHEARING DENIED NOVEMBER 8, 1962.

*Rupert A. Brown,* for plaintiff in error.

*Stephens, Fortson, Bentley & Griffin, Edwin Fortson,* contra.

MOBLEY, Justice. ■ Plaintiff introduced into evidence her mother's will, item 8 of which provides as follows: "I appoint James William Lay and Harold Lay as guardian of the person and property of Elsie Lay to manage the same as they see fit, give her what money they think necessary; and in the event that it becomes necessary for her care, they may at their discretion sell the property at 1751 South Lumpkin Street and use it for her necessary expenses."

. If this provision of plaintiff's mother's will is effective, the court was correct in granting a nonsuit because the plaintiff would have established for the defendants a complete defense to this action in that defendants as testamentary guardians of the person and property of plaintiff would be entitled to manage plaintiff's property as they see fit, giving her what money they think necessary, and plaintiff would not be, as she alleged, entitled to demand of defendants a particular sum of money or the rents from or possession of the house. *Ables v. Motor Contract Co.*, 200 Ga. 30 (1) (36 SE2d 148).

The effectiveness of the provisions depends upon the answer to two questions: (1) May a mother appoint a testamentary guardian for the person and property of her daughter and, if so, (2) is there evidence in the record to show that an effective appointment was made?

The law in effect at the time of the mother's death, the effective date of the will, determines whether or not she had the power to appoint plaintiff's brothers testamentary guardians of plaintiff's person and property. *Sutton v. Chenault*, 18 Ga. 1, 4; *Blanchard v. Gilmore*, 208 Ga. 846, 848 (69 SE2d 753). In 1956, the year of the mother's death, Ga. L. 1943, pp. 396-97 (*Code Ann.* § 49-103), provided that every parent could by will appoint guardians for the property of his children, and that if one of the parents was dead, the surviving parent could appoint guardians for the person of his or her minor children. The act uses the word "children" in reference to the appointment of guardians for property and the words "minor children" in reference to the appointment of guardians for their persons. We do not think, however, that the General Assembly by the inclusion of the word "minor" at one place and its exclusion at the other intended to say that a parent might by his will appoint a guardian for the property of his children who had reached their majority. Therefore, we construe the act as providing for the appointment of guardians for the persons and/or property of minor children.

Under the act, defendants' authority as testamentary guardians of plaintiff's property would have come into existence only if, on the effective date of the will, the mother's death, plaintiff

was a minor, and if such authority came into existence it would continue only so long as plaintiff had not reached her majority. Their authority as guardians of her person would likewise depend upon plaintiff's age, and would be further dependent upon whether or not plaintiff's father was alive at the time of her mother's death because only a surviving parent may appoint a guardian of the person of his or her minor child. Plaintiff introduced no evidence as to her age, or any evidence from which this court can calculate her age, and she introduced no evidence as to whether or not her mother was her surviving parent. Therefore there was no evidence before the trial court that the appointment was effective and it would have been error for the trial court to grant a nonsuit based on plaintiff's introduction into evidence of item 8 of her mother's will.

■ Plaintiff introduced into evidence item 4 of her mother's will giving plaintiff a house and lot for life, and the written agreement between plaintiff and defendants as to the rental of the house by defendants for plaintiff. The agreement fails to specify its duration. We cannot ascertain the period of time during which the parties intended for defendants to rent the house for plaintiff. The agreement is not sufficiently definite as to time to be enforceable against the parties. *Pepsi-Cola Co. v. Wright,* 187 Ga. 723, 727 (2 SE2d 73).

Plaintiff having introduced evidence supporting the allegations of her petition as to her right to restrain defendants from collecting the rents from the house, some of the relief sought, it was error for the trial court to grant a nonsuit. *Smith v. Faulk,* 171 Ga. 616 (2) (156 SE 185); *Clark v. Bandy,* 196 Ga. 546 (27 SE2d 17); *McGruder v. McGruder,* 215 Ga. 716 (113 SE2d 119).

*Judgment reversed. All the Justices concur.*