### 42452. ODUM v. HENRY et al.
(334 SE2d 304)

MARSHALL, Presiding Justice.

The probate court of Toombs County appointed DeAnn Marcum Odom as guardian of Susan Cheryl Marcum, her incompetent sister. Subsequently, James Albert Ansley, the grandfather of Susan Cheryl Marcum, died leaving a will containing the following provision: "I also hereby nominate, constitute, and appoint my said two daughters as guardians of the property of Sue Marcum and as such they shall have the same powers and privileges and exemptions as given them above as executrixes and they shall also have the power to encroach upon the corpus of their ward's estate for support, maintenance, welfare and comfort as they see fit." DeAnn Marcum Odum sought a declaratory judgment interpreting the will so as to have the ward's estate created in the will turned over to herself, as the alleged guardian of Susan Cheryl Marcum. The trial court ruled in favor of the defen-

---

[1] Davis did not object to the sale upon either of the grounds raised above.

dants — the two daughters of the testator who were named as guardians by the will. We affirm.

The issues here are whether the will created a trust and, if so, whether the testamentary guardians or the statutory appointed guardian[1] should manage the trust funds of the incompetent beneficiary.

1. The provision of the will quoted hereinabove does not mention the word "trust," but it does purport to appoint testamentary guardians of the property for the testator's incompetent granddaughter. "[O]nly a surviving *parent* may appoint a [testamentary] guardian of the person of his or her minor child." (Emphasis supplied.) *Adams v. Lay*, 218 Ga. 451, 454 (1) (128 SE2d 502) (1962); OCGA § 29-4-3. However, attempts by someone other than a parent to appoint a testamentary guardian have been construed as creating a trust, with the appointees being the trustees. *Nat. Bank of Ga. v. First Nat. Bank of Atlanta*, 234 Ga. 734 (218 SE2d 23) (1975); *Lamar v. Harris*, 117 Ga. 993 (44 SE 866) (1903); *Grimsley v. Grimsley*, 79 Ga. 397 (5 SE 760) (1888).

The appellant argues that the item of the will in question (No. IV (2)) and the item devising and bequeathing the testator's property to the incompetent granddaughter (No. III) should be construed separately in order to determine the testator's intent, but in the construction of wills, the intention of the testator should be determined first by looking at the will as a whole, and not to its detached parts. *Sproull v. Graves*, 194 Ga. 66, 68 (20 SE2d 613) (1942) and cits. As stated by the appellant, Georgia law does not require the use of formal words to create a trust. OCGA § 53-12-21. All that is required is that a manifest intention must be found that another person shall have the benefit of the property in question. *Wright v. Piedmont Eng. &c. Corp.*, 106 Ga. App. 401 (1) (126 SE2d 865) (1962). If there are two inconsistent clauses in a will, the latter clause will control. *Watts v. Finley*, 187 Ga. 629 (1 SE2d 723) (1939). Under the above case law it is clear from a reading of the will as a whole that the testator intended that the appellees take the property given to Sue Marcum in the will and use it for her support, maintenance, welfare and comfort as they saw fit, just as a trustee would do.

2. As to the issue as to which of the parties shall manage the trust, generally, trusts are executed when everything is done that is required of the trustee, and in such cases a person capable of taking and managing his or her property takes legal title. OCGA § 53-12-4; *Munford v. Peeples*, 152 Ga. 31 (2) (108 SE 454) (1921). When the

---

[1] Assuming that the "Odom" appointed statutory guardian and the "Odum" bringing the present action are one and the same person.

plain language of the trust shows it to be terminated upon the happening of an event unrelated to the beneficiary's competency — such as the beneficiary's attaining majority — the trust becomes executed and the funds may properly pass to an incompetent's guardian. *Bedgood v. Thomas,* 220 Ga. 262 (138 SE2d 313) (1964).

In those instances where, as here, the trust is created for a person laboring under a disability which makes him or her incapable of managing his or her own property, the trust may be executed as to such person, and, in the absence of a stipulation to the contrary, the title and control of the trust remains in the trustee until the disability is removed. OCGA § 53-12-25; *Stringfellow v. Harman,* 207 Ga. 62 (60 SE2d 139) (1950); *Sinnott v. Moore,* 113 Ga. 908 (39 SE 415) (1901); *Sargent v. Burdett,* 96 Ga. 111 (22 SE 667) (1895); *Lewis v. Fry,* 69 Ga. App. 461 (26 SE2d 122) (1943); Bogert, The Law of Trusts and Trustees 138, § 212 (Rev. 2nd ed.); 28 EGL Trusts and Trustees 117, § 10; Redfearn, Wills, Ga. 530, § 199 (4th ed.).

The distinction between *Bedgood,* 220 Ga. 262, supra, and the case sub judice is the trustee scheme as originally devised. Here, Mr. Ansley created a trust for a granddaughter who labored under a disability, and pursuant to OCGA § 53-12-25, this trusteeship survives until the granddaughter's disability is removed. Had the trust provided that it terminated upon some contingency — such as her attainment of majority — then the court-appointed guardian would have been the proper person to have received the property from the trustees. The trust created by Mr. Ansley does not cease until the beneficiary is relieved of her disability, which was the object of the trust created. In *Bedgood,* minority was the only disability which had to be removed to terminate the trust.

Therefore, the plaintiff, as the court-appointed guardian of the person of Susan Cheryl Marcum, is not entitled to receive the ward's trust estate created by the will except by direction of the trustees appointed in the will or until the disability is removed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1985.

*M. Francis Stubbs,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellees.