## MILLER & COMPANY *v.* McKENZIE.

1. Hearsay evidence has no probative value.
2. The declarations of an agent, when not made dum fervet opus or as a part of the res gestæ, are hearsay.
3. When the rules above laid down are applied in the present case, the verdict as to the contested issue was unauthorized by the evidence.

Argued June 1,—Decided November 14, 1906.

Attachment. Before Judge Reid. City Court of Atlanta. January 15, 1906.

The plaintiff instituted by attachment an action of assumpsit against Miller & Co., a firm whose members were non-residents of the State. The declaration is in part as follows: "(2) Petitioner shows that said defendants are indebted to him in the principal sum of $1,382.57, besides interest, by reason of the following facts: On January 25, 1904, your petitioner bought of the defendants 10,000 bushels of wheat at 91 3/8 cents per bushel, and defendants executed to petitioner on said date their contract for the same. Subsequent to said purchase petitioner decided to sell said wheat, and on the 16th day of February, 1904, he gave the defendants an order to sell the same, and the same was executed for him by defendants at 96 1/2 cents per bushel; thereby netting to petitioner, after the payment of defendants' commissions, the sum of $500. (3) On the 17th day of February, 1904, petitioner bought, through defendants, 10,000 bushels of wheat at 97 3/4 cents per bushel. Subsequently petitioner decided to sell the same and placed with the defendants his order for that purpose, and when the same was

executed by the defendants at 104 7/8 cents per bushel; thereby netting to petitioner, after payment of defendants' commissions, the sum of $700.    (4) In addition to the sums aforesaid, petitioner shows that he had with the defendants a balance on account, cash placed with them, of $182.57, making a total of $1,382.57." The defendants answered, denying the allegations contained in the above paragraphs.    On the trial of the issues, the evidence for the plaintiff consisted of his own testimony, in connection with certain exhibits, as follows:    The item of $182.57 in the account sued on was the balance due him on prior transactions according to a statement given him by the bookkeeper in the Atlanta office of the defendants.    In reference to the other two items, the plaintiff introduced two letters from Miller & Co. to himself, one dated at New York, January 25, 1904, and the other at the same place, February 17, 1904, both beginning:   "We have this day bought for your account and risk, subject in all respects to the rules, by-laws, and customs of the Chicago Board of Trade:" then followed a statement of the number of bushels and the price per bushel, each letter respectively giving the numbers and prices as set out in the plaintiff's declaration.    The plaintiff further testified that he had given orders for the sale of the wheat through the agents of the defendants in Atlanta, and later, upon inquiry, had been told by such agents that the two sales had been made at the respective figures set forth in the petition, and that he was due the respective amounts sued for.    He further stated that he had a memorandum from Miller & Co. that they had sold the first quantity of wheat, and that it netted him the $500 claimed therefor.   He also introduced in evidence the order he had given for the sale of the second quantity.    At this point the plaintiff's evidence closed, and the defendants introduced their agent in charge of the Atlanta office, who testified merely as to the second order to sell, admitting that it had been received by him from the plaintiff and transmitted to the home office of the defendants in New York, but stated that the order had not been executed by defendants.    On this evidence the judge charged the jury to find a verdict for the plaintiff for the $182.57 claimed as balance due from previous transactions, and for the $500 claimed from the sale of the first quantity of wheat; but as to the $700 claimed from the sale of the second quantity of wheat, he put the question to the jury as to whether or not the

order for the sale given by the plaintiff had in fact been executed by the defendants, and made the plaintiff's right to recover this amount dependent upon an affirmative answer to this question. The jury returned a verdict for the full amount sued for.

The defendants made a motion for a new trial, some of the special grounds of which are in substance as follows: (1) It was error to admit in evidence the letter of January 25 from the defendants to the plaintiff in reference to the purchase of the first quantity of wheat, because "the said contract introduced in evidence varied from the contract set out in plaintiff's declaration, in that the contract introduced in evidence was one by which the defendants purchased as agents for the plaintiff, while the contract set out in the pleadings was one by which the plaintiff purchased directly from defendants, as vendors." (2) It was error to admit in evidence the letter of February 17 from the defendants to the plaintiff in reference to the purchase of the second quantity of wheat, because "the contract offered in evidence varied from the contract set out in plaintiff's declaration, in that the contract offered in evidence was one by which the plaintiff purchased directly from the defendants as vendors, while the contract set out in plaintiff's declaration is a contract by which the defendants acted as agents for the plaintiff." (4, 5) It was error to refuse to charge the jury that the plaintiff had not established his claim to the $700 alleged to be due under the second transaction, and instead to leave the matter for their determination. The motion for new trial was overruled, and the defendants excepted.

*Smith, Berner, Smith & Hastings,* for plaintiffs in error.

*Clay & Blair* and *Tye & Bryan,* contra.

ATKINSON, J. (After stating the facts.) ·

1. Under the view we take of the matter, the question of variance between the averments and the proof as to the $700 transaction becomes immaterial. Let the petition be construed as contended by counsel for the defendant in error, and the verdict is still unauthorized by the evidence. It was necessary, under either construction of the petition, that the plaintiff should show that there had been a sale of the wheat in conformity to his order. He swore that he had given the order to sell. He did not know and did not pretend to know whether a sale had taken place. He was positive in his assertion that he had given the order to sell to the agents of the de-

fendants at their place of business in Atlanta. This agent swore that the order had never been executed. It is said that this evidence is to be disregarded because it is palpably hearsay, as the agent was in Atlanta and the order was to be executed in Chicago, and what was done or not done was manifestly beyond his knowledge, except as derived from information imparted by others. Let this evidence be treated as hearsay and the testimony of the agent entirely eliminated. The plaintiff contends that the sale is proved by the declarations of the agents in charge of the Atlanta office, one of whom admitted that the several amounts claimed were correct, and the other saying that he had investigated the matter and was satisfied that the amounts were correct and ought to be paid, and that he would see that they were paid or he would no longer remain in the employ of the defendants. The declarations in each instance were after the transaction was complete, and not in any sense made during its progress. They were not made dum fervet opus. They were not a part of the res gestæ. They were merely hearsay, and hence had no probative value. *Luquire* v. *Lee,* 121 *Ga.* 635 and cit.; *Moultrie Lumber Co.* v. *Driver Lumber Co.,* 122 *Ga.* 26 and cit.; *Central R. Co.* v. *Maltsby,* 90 *Ga.* 630(4); *Claflin* v. *Ballance,* 91 *Ga.* 411(2). The judge should have granted a new trial on the ground that the verdict on the issue submitted was unauthorized by the evidence.

*Judgment reversed. All the Justices concur.*