### 12820.　HALE, administratrix, *v.* HALE.

JENKINS, P. J.　1. "As a general rule, trover will not lie in favor of a tenant in common against his cotenant." *Hall* v. *Page,* 4 *Ga.* 428; *King* v. *Neel,* 98 *Ga.* 438, 441 (25 S. E. 513, 58 Am. St. R. 311); *Starnes* v. *Quin,* 6 *Ga.* 84 (3). The instant action, brought by the administratrix of the estate of her deceased husband against the brother of the decedent for the recovery of five bales of cotton, does not fall within either of the recognized exceptions to this rule. The uncontroverted evidence showing that four of the bales, marked and identified, represented rent from land paid to the decedent and the defendant as owners in common, and that the defendant thus had an equal right of possession with the estate of the decedent, and was entitled to these four bales or a portion thereof as his proper share of such rent if a division were made, the verdict for the defendant as to the four bales was fully authorized, if not demanded, by the evidence.

2. The jury, however, found in favor of the defendant for the entire five bales. As to the fifth bale, which was unmarked, a verdict was demanded for the plaintiff. The defendant testified, on direct examination, that all the bales were his and represented common rents, but on cross-examination admitted that he did not see the cotton delivered or put in the warehouse, and that he knew "nothing about it of" his "own knowledge,— only what was told" him. There was no other evidence that this bale belonged to the defendant, or was part of the common rental, and nothing to dispute the evidence of the plaintiff identifying this particular bale as property of her husband's estate. The rule is, that, while, in the absence of a proper exception to the evidence, a verdict will not be set aside on account of the erroneous admission of hearsay testimony, yet where the verdict is entirely unsupported except by such testimony, which is wholly without probative value, its introduction without objection will give it no weight or force in establishing the facts in issue. *Eastlick* v. *Southern Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499); *Kemp* v. *Central of Ga. Ry. Co.,* 122 *Ga.* 559 (2), 560 (50 S. E.

465); *Miller* v. *McKenzie*, 126 *Ga.* 746 (55 S. E. 952). A new trial must therefore be granted, as the verdict was to this extent without evidence to support it.

(a) The exception that the court erred in admitting the defendant's testimony that the five bales in dispute were his and were his part of the rents from land owned jointly by him and his brother, upon the ground that it related to a transaction with a deceased person, need not be considered, for the reason that the question as to its admissibility is controlled by the preceding broader ruling upon its effect.

3. None of the remaining grounds of the motion for new trial authorize a reversal. The alleged errors as to the admission of testimony concerning the four bales of cotton, which were admittedly raised upon lands owned in common, being controlled by the preceding rulings and not being likely to recur in a subsequent trial, need not be determined.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 14, 1922.

Trover; from city court of Monroe — Judge Stone. August 16, 1921.

*Orrin Roberts,* for plaintiff.

*R. L. & H. C. Cox,* for defendant.