13017. ROESEL *et al.,* executors, *v.* GREEN.

JENKINS, P. J. 1. The verdict in favor of the petitioner was authorized by the evidence, irrespective of her own testimony relating to transactions had by her with the deceased. This testimony was not, however, without probative value, even though it might have been excluded on proper objection. Testimony which is without probative value, even though admitted without objection, will not support or sustain a verdict. *Suttles* v. *Sewell,* 117 *Ga.* 214 (43 S. E. 486); *Herrington* v. *Shumate,* 6 *Ga. App.* 861 (65 S. E. 1064); *Hale* v. *Hale,* ante 509 (111 S. E. 740). But the evidence of a witness as to transactions with a deceased person does not come within this rule, and where such testimony has been admitted without objection and no exception has been taken thereto, the question of the competency of the witness cannot be raised for the first time in this court by briefs of counsel. *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 Ga. 138, 142 (33 S. E. 945).

2. The use of the word " given " in the excerpt from the charge complained of, when taken in connection with the immediate context, clearly shows that the judge employed the word as synonymous with " delivered," since in the same sentence he distinguished a gift from an advancement made in ademption of a legacy.

3. As we interpret the plea, it did not set up a loan, but an advancement; but in any event no exception was taken to the failure of the court to charge such a contention.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED JUNE 14, 1922.

Appeal; from Richmond superior court — Judge Henry C. Hammond. October 17, 1921.

A testator's daughter, who was a beneficiary under his will, filed in the court of ordinary an application for an accounting from the executors. The executors answered that she had received from the testator between the time of the making of the will and his death $2,300, which should be paid into the estate before a settlement or distribution could properly be made, and which they contended was not a gift, but an advancement resulting in an ademption of

a legacy to the petitioner. From a judgment of the ordinary, finding this sum to have been an advancement and not a gift, the beneficiary appealed to the superior court, where a jury found in her favor. The executors excepted to the refusal to grant a new trial.

Paragraph 2 of the decision relates to the following language of the charge: " The special question which is submitted to you for your determination, under the evidence and the law given you in charge by the court, is as to whether or not $2,000, *which was given to his daughter, Mrs. Green, during her lifetime,* was a gift pure and simple, without more, or whether or not it was given to her instead, in place, in ademption of a legacy." The specific exception taken to this instruction is that the word " given," as used in the clause, " which was given to his daughter," amounted to an expression of opinion upon a material issue in the case. This was the only ground of the motion for a new trial other than the general grounds.

*Isaac S. Peebles Jr., C. N. Elliott,* for plaintiff in error.
*William H. Fleming,* contra.