16882.   WILLIAMS *v.* McELROY.

JENKINS, P. J. 1. When it appears from the record that this court is without jurisdiction of the case, it is ordinarily the duty of this court so to declare, irrespective of whether or not any such point is made by the record. The only questions which this court is authorized to pass upon are those made by the bill of exceptions. Where from the whole bill of exceptions it is plainly apparent that exception is intended to be taken to the action of the court in granting a nonsuit and dismissing the case at the termination of the plaintiff's evidence, and complaint is directed to the alleged error of "permitting a judgment to be rendered dismissing said suit and petition," the bill of exceptions will not be dismissed because of the patently inadvertent use of the term "directing

Appeal and Error, 4 C. J. p. 180, n. 31, 34; p. 327, n. 98 New.
Gifts, 28 C. J. p. 634, n. 83, 90; p. 659, n. 92; p. 683, n. 34.
Husband and Wife, 30 C. J. p. 700, n. 69, 74, 78, 79; p. 706, n. 92.

a verdict" and dismissing the suit instead of the term "granting a non-suit" and dismissing the suit.

2. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof." Civil Code (1910), § 4144. In such a case delivery may, however, be either actual or constructive. Civil Code (1910), § 4147; *Hall* v. *Simmons*, 125 *Ga.* 801 (54 S. E. 751). Thus, where in a trover proceeding the evidence was such as to justify a finding that the husband as donor had parted absolutely with his title in favor of the wife, and that the subject-matter of the gift (certain promissory notes) remained in a box to which the wife carried the key, but which contained articles belonging to each, and to which each continued to have the right of access, it became a question of fact for the jury to determine whether, under the circumstances, the donor had in fact relinquished control by the gift. Especially is this true because "the rule as to delivery is not so strictly applied to transactions between members of a family living in the same house, the law in such cases accepting as delivery acts which would not be so regarded if the transaction were between strangers living in different places." *Harrell* v. *Nicholson*, 119 *Ga.* 458, 460 (46 S. E. 623). Nor would the fact that the negotiable instruments had not been indorsed be sufficient to defeat her right to recover if the transfer was otherwise complete, and the facts and circumstances were such as might indicate that such failure was due to ignorance, accident or mistake. *Culpepper* v. *Culpepper*, 18 *Ga. App.* 182 (3), 183 (89 S. E. 161).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MAY 14, 1926.

Trover; from Madison superior court—Judge W. L. Hodges. September 9, 1925.

*Pierce Martin, John J. Strickland, Rupert A. Brown, R. Howard Gordon,* for plaintiff.

*Erwin, Erwin & Nix, Berry T. Moseley,* for defendant.