32490. ADAMS *v.* PAFFORD.

DECIDED JUNE 22, 1949.

478

W. C. Hodges, Fred T. Lanier, for plaintiff in error.

Donald H. Fraser, John W. Underwood, for defendant.

FELTON, J. ■ ■ These headnotes require no further discussion.

■ The plaintiff contends that title to the property in question was acquired by her in the following ways: (1) as gifts to her from the defendant, (2) property purchased with her own money, (3) gifts from third parties, (4) property acquired prior to their marriage, (5) property purchased jointly by the plaintiff and the defendant, (6) property given to the plaintiff and the defendant jointly. Of these six means of acquiring title, the plaintiff, upon proper proof, would be entitled to recover in a trover action in all except the sixth. As a general rule, trover will not lie in favor of a tenant in common to recover property from his cotenant or a joint owner. Hall v. Page, 4 Ga. 428 (48 Am. D. 235); King v. Neel, 98 Ga. 438, 441 (25 S. E. 513, 58 Am. St. R. 311); Hale v. Hale, 28 Ga. App. 509 (111 S. E. 740). The plaintiff by her testimony proved a prima facie case entitling her to recover under the foregoing propositions. As to gifts

from the defendant, she testified: "The first item on page No. 1 attached to this petition as an exhibit is the cedar chest in the bedroom. That was a Christmas gift I received the first year I was married. I had accumulated linens and different things for a hope chest, like all young women do, and I had those, and after we were married I didn't have anywhere to keep them, so he asked me what I would like for Christmas, and I said 'We don't have anywhere to keep those linens and I would like to have a good place to keep them,' so he got a cedar chest at Walker's Furniture Store in Statesboro and gave it to me for Christmas." As to property purchased with her own money, she testified: "Those draperies in the den are some that I bought at the same time and made. I bought the material, paid for it with my own money and made those curtains and the three chair cushions in the kitchen. I also bought the material at Minkovitz and made slip covers for the Lawson sofa in the living room, and I have the canceled check for that." As to gifts from third parties, she testified: "The waffle iron in the kitchen is a gift to me from my sister, Mrs. Amason, and her husband. The woman with whom I was living at the time I was married had a shower for me, and at that shower this friend of mine gave me the sandwich grill in the kitchen, and he has these things in his possession. A pair of boudoir lamps in the bedroom came from a cousin of mine." As to property acquired prior to their marriage, she testified: "The large bookcase in the den, I had that before I married, the first year I taught school, I had accumulated quite a few books from having belonged to the Book of the Month Club during my college days, and I had no place in which to keep the books, so I had Howard Lumber Company of Statesboro to make me two bookcases, and that is one of them. I purchased that before I married Mr. Pafford and paid for it with my own money." As to property purchased jointly, she testified: "This sewing machine is one that he paid some on, he gave the machine to me. . . I said I would be willing to pay the balance on it, so I gave a check to this man and he bought the machine. I have that check. . . That is my sewing machine and I have a check with which I paid part on it myself." Code § 108-116 states: "As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by

one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." However, it would be a question for the jury as to whether or not the defendant by his evidence sufficiently rebutted this presumption of a gift.

It is settled by statute that property acquired or purchased by the wife during coverture with her own money becomes her separate property; also all property acquired prior to her marriage and property given to her individually during coverture becomes part of her separate estate. "All the property of the wife at the time of her marriage, whether real, personal, or choses in action, shall be and remain the separate property of the wife; and all property given to, inherited, or acquired by the wife during coverture shall vest in and belong to the wife, and shall not be liable for the payment of any debt, default, or contract of the husband." Code, § 53-502.

The defendant contends that the property in question belongs to him because, (1) the articles sued for were indirectly or directly purchased with his money, (2) he has given plaintiff property equal in value to the property sued for, (3) plaintiff "agreed not to take anything from the house which was essential or necessary in the keeping of the home." The defendant testified: "I claim this property that is listed here because it was bought with my money either directly or indirectly and I paid for it. This checking account here will show that my money was spent, and I also claim this property because I have given her articles that will equal in value to the property she now seeks to take from me. I claim this property on further grounds that she agreed not to take anything from the house that was essential or necessary in the keeping of the home." None of these defenses is good in law. The first two require no discussion. The so-called agreement, defendant's contention No. 3, was not sufficient to convey title originally in the plaintiff and vest it in the defendant. Assuming for the sake of argument that the so-called contract was definite and certain as to the description of the property, we are still of the opinion that the agreement was unenforceable because it is unilateral, since the defendant made no undertaking whatever as a consideration. The alleged contract simply states what

the plaintiff will do and does not say what the defendant will do. The undisputed evidence showed that certain property in question was owned individually by the plaintiff, such as property acquired prior to her marriage and gifts from third parties. Since this so-called property division agreement is invalid, that property still belongs to the plaintiff's separate estate, and the evidence demanded a verdict for the plaintiff for at least a large number of articles sued for.

The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*