55730. WARD et al. v. SEBREN et al.

QUILLIAN, Presiding Judge.

The instant appeal from the grant of the defendant's motion for summary judgment arose out of the following facts. On November 4, 1975, the Commercial Bank issued a certificate of deposit in the amount of $12,994.46 in the name of Sam H. Sebren, Jr. Sam H. Sebren, Sr. paid the consideration for the certificate of deposit and instructed the bank's secretary to issue the certificate in the name

of Sam H. Sebren, Jr. On Sam Sebren Sr.'s death, the certificate of deposit was found in a safety deposit box belonging to Sam Sebren, Sr. The certificate of deposit had never been physically delivered to Sam H. Sebren, Jr. by his father and Sam H. Sebren, Jr. first learned of the existence of the certificate of deposit upon its discovery in the safety deposit box.

The plaintiffs, executors of the estate of Sam H. Sebren, Sr., filed a complaint in Douglas Superior Court against the Commercial Bank and Sam H. Sebren, Jr. According to allegations of the complaint, the plaintiffs found the "self-renewing saving certificate" (the certificate of deposit) in the decedent's safety deposit box while inventorying his personal property. It was alleged that the certificate was never delivered to Sam H. Sebren, Jr. and that he had no key or authority to enter the safety deposit box where it was found; that the estate was entitled to the proceeds of the certificate; that the plaintiffs made written demand upon the defendant Commercial Bank to pay the proceeds but the bank had failed and refused to do so. The prayers sought recovery of the proceeds of the "self-renewing certificate." The Commercial Bank in its answer assumed the role of a stake holder, set forth that it was unable to determine the true owner of the "self-renewing savings certificate" and prayed that the true owner be determined so that it could pay the proceeds to such party. The defendant, Sam H. Sebren, Jr., in his answer denied the material allegations of the complaint and affirmatively sought to recover the proceeds of the certificate in his own right.

During the course of discovery, the plaintiffs by interrogatory asked the following questions of the defendant, Sam H. Sebren, Jr.: "State whether or not you contend that Samuel H. Sebren, Sr., delivered to you, actually or constructively, the savings certificate which is in issue in this action. If so, state all facts which you contend support your position that the certificate was so delivered." To this interrogatory the defendant, Sam H. Sebren, Jr., answered, "No."

Afterwards both the plaintiffs and the defendant Sebren, Jr. moved for summary judgment. Prior to the hearing, the record reveals that Sebren, Jr. through his

counsel filed a brief in which it was earnestly contended that: "Actual manual delivery is not essential to the validity of a gift. Any act which indicates a renunciation of dominion by the donor, and the transfer of dominion to the donee, is a constructive delivery." After the hearing on the motion, the trial judge entered an order which found "that Sebren, Sr., by placing the Certificate of Deposit in his son's name, performed an act which indicated a renunciation of dominion by the donor and a transfer of dominion to the donee (Sebren, Jr.) and that such an act amounted to constructive delivery." In the order it was further found that the ownership of the certificate of deposit was in Sam Sebren, Jr. and that the executors of the estate had no claim thereto and that the defendant Commercial Bank was under a legal obligation to pay the value of the certificate of deposit to Sebren, Jr. From this order appeal was taken. *Held:*

1. The judgment in this case was entered on January 6, 1978. According to the affidavit of the vice president and cashier of the Commercial Bank: "On January 9, 1978, Deponent paid the value of 'Self-Renewing Savings Certificate' No. 7710 to Samuel H. Sebren, Jr. by and through his attorney in fact. . . Said monies were paid in accordance with the Order of the Douglas County Superior Court, dated January 6, 1978, in the above-referenced case, and in accordance with the terms and conditions of said Certificate of Deposit."

The defendant has moved to dismiss the appeal on the grounds that it is now moot. However, the appellants have answered the motion to dismiss and have contested the circumstances under which the money was paid, contending that the money was paid into a trust account of the defendant's attorneys pending a determination of the issues on appeal.

When the evidence offered in support of a motion to dismiss is controverted in any way by the opposite party, then an appeal will not be dismissed on the grounds of mootness. *Lewis v. Fry,* 69 Ga. App. 461 (1) (26 SE2d 122); *Tuells v. Torras,* 113 Ga. 691 (1) (39 SE 455); *Wilson v. City of Eatonton,* 180 Ga. 598, 602 (180 SE 227); *Jones v. Johnson & Ledbetter Const. Co.,* 185 Ga. 323, 324 (194 SE 902). Since it does not appear without dispute that the

case is moot, the motion to dismiss the appeal is denied.

2. Summary judgment is not proper unless there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.

Under Code § 108-116, "As between . . . parent and child, . . . payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." This section would certainly authorize a finding in favor of the defendant Sam Sebren, Jr. *Knight v. Wingate,* 205 Ga. 133 (52 SE2d 604). See in this connection *Lamar, Taylor & Riley Drug Co. v. First Nat. Bank,* 127 Ga. 448 (56 SE 486). Nevertheless, in answer to an interrogatory the defendant stated he did not contend that Sam H. Sebren, Sr., delivered to him, actually or constructively, the savings certificate. This tends to rebut the presumption of gift and not having been withdrawn, creates a material conflict which may not be resolved on motion for summary judgment. *Clairmont Development Co. v. Tri-State Culvert, Mfg.,* 141 Ga. App. 469, 470 (233 SE2d 859). See *Benn v. McBride,* 140 Ga. App. 698, 699-700 (231 SE2d 438).

It was error to grant summary judgment for the defendant.

*Judgment reversed. Webb and McMurray, JJ., concur.*

SUBMITTED APRIL 6, 1978 — DECIDED JUNE 29, 1978 —
REHEARING DENIED JULY 28, 1978 —

*G. Michael Hartley, Walter P. Rowe,* for appellants.
*Coney, Tinsley & Tinsley, Barbara V. Tinsley, Robert J. James,* for appellees.