### 34168. WARD et al. v. SEBREN et al.
### 34169. SEBREN v. WARD et al.

PER CURIAM.

Certiorari was granted to review Division 2 of the opinion of the Court of Appeals in *Ward v. Sebren,* 146 Ga. App. 867 (247 SE2d 532) (1978) which reversed the order of the trial court granting summary judgment in favor of Sam Sebren, Jr. Sam Sebren, Sr., paid consideration for a certificate of deposit and instructed the bank to issue the certificate in the name of Sam Sebren, Jr. After the death of Sam Sebren, Sr., the certificate of deposit was found in the safety deposit box of Sam Sebren, Sr. The certificate of deposit never had been physically delivered to Sam Sebren, Jr. Sam Sebren, Jr., first learned of the existence of the certificate of deposit upon its discovery in the safety deposit box. The certificate of deposit recites that a certain time after date of issue the principal and interest will be paid to Sam H. Sebren, Jr., "upon presentation and surrender of this certificate properly endorsed."

1. The Court of Appeals properly remanded the case for a determination by a jury of whether a gift had been effected. The decision of the Court of Appeals was incorrect, however, insofar as it inferred that the gift, if there was one, was the certificate of deposit. The gift, if any, that Sebren, Sr., made to Sebren, Jr., was the money that the certificate of deposit represented. The certificate, issued in the name of Sebren, Jr., is a subsisting chose in action which represents the fund it describes. *Philpot v. Temple Banking Co.,* 3 Ga. App. 742 (60 SE 480) (1907). The disposition that Sam Sebren, Sr., made of the certificate of deposit is evidence of his intent and must be considered by a jury in determining whether a gift of the fund was consummated.

Code Ann. § 48-101 provides: "To constitute a valid gift, there shall be the intention to give by the donor,

acceptance by the donee, and delivery of the article given or some act accepted by the law in lieu thereof." Code Ann. § 48-103 provides in part that: "Any act which shall indicate a renunciation of dominion by the donor, and the transfer of dominion to the donee, shall be a constructive delivery." Whether the donor relinquished dominion and effected constructive delivery is a question of fact for the jury to determine. *Williams v. McElroy,* 35 Ga. App. 420 (133 SE 297) (1926).

The Court of Appeals properly found that Code Ann. § 108-116 would authorize a finding that Sam Sebren, Sr., had completed the gift to Sam Sebren, Jr., but that this presumption could be rebutted. That Code section provides: "As between . . . parent and child . . . payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of one paying the money may be shown and the presumption rebutted." Whether the evidence proffered at trial is sufficient to rebut the presumption of gift is a question for the jury. *Adams v. Pafford,* 79 Ga. App. 477, 480 (54 SE2d 329) (1949).

The fact that the certificate of deposit remained in the possession of Sam Sebren, Sr., until his death; Sam Sebren, Jr.'s lack of knowledge of the certificate of deposit; the terms of the certificate of deposit; and the existence or nonexistence of a signature card should be considered by the jury when it determines whether the presumption created by Code Ann. § 108-116 has been effectively rebutted. "The mere fact of the deposit of money in the name of a third person without the delivery of the pass book, or other evidence of intention to make a gift, however, will not constitute a valid gift inter vivos, since this may have been done for any one of a number of reasons, each without donative purpose." 38 CJS 832, Gifts, § 49. "Among the inferences to be drawn from the delivery or nondelivery of bank books are, . . . whether the presentation of the book was necessary in order to withdraw money on deposit." *Clark v. Bridges,* 163 Ga. 542, 545 (136 SE 444) (1926). Likewise, whether or not Sam Sebren, Jr., would need the certificate to gain access to the fund held by the bank in his name is relevant in determining the inference to be drawn from the fact that

the certificate was not delivered to him by Sam Sebren, Sr. See 38 CJS 832, Gifts, § 49; 1 ALR2d 534.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Jordan, J., who dissent.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED JANUARY 4, 1979.

*G. Michael Hartley, Walter P. Rowe, Joseph H. Fowler,* for Ward et al.

*Coney, Tinsley & Tinsley, Barbara V. Tinsley, James & Johnson, Robert J. James,* for appellees (Case No. 34168).

*Coney, Tinsley & Tinsley, Barbara V. Tinsley,* for appellant (Case No. 34169).

NICHOLS, Chief Justice, dissenting.

It is my opinion that this case should be dismissed as being improvidently granted.