## 35096. RECTOR v. RECTOR.

NICHOLS, Chief Justice.

The former wife appeals from judgment entered on the jury's verdict establishing ownership of certain items of personalty as between her and her former husband.

Each corporate bond was purchased in the names of "Dr. Lee T. Rector and Mary E. Rector as Joint Tenants" and was kept in a lock box jointly maintained by them. She testified that she contributed financially to the purchase of these bonds by contributing to their joint account from which the bonds were purchased. He testified that the bonds were purchased with his separate funds.

With respect to the jewelry and silverware, she testified that he gave the contents of his lock box in Florida to her and that the jewelry and silverware were transferred to their jointly maintained lock box in Georgia. She swore she occasionally wore certain items of the jewelry but returned them to the lock box for safekeeping and that the diamond ring was kept at their home. Three other witnesses swore that he gave her the contents of the Florida lock box as a Christmas present. The contents of the Florida lock box had belonged to him and his deceased wife of 48 years.

He testified regarding the jewelry, "I gave it to my wife." As to why he gave her the jewelry, he testified, "Because she was my wife and I loved her, I wanted her to be dressed nicely, I travelled all over — not all over the

world, but broadly, and had hoped to take her to foreign countries and to the International College of Surgeons Meetings in foreign countries and have a delightful time." He further testified, "I made my — I made my bonds and so forth to her, still thinking that we were one couple, to be together the rest of our lives, and I gave her my former wife's jewelry. Q. All right. So you gave it to her and now you are asking for it back, is that what you are doing? A. It was given on the condition that what was hers was mine and what was mine was hers." The jury heard testimony that she had not shared her personal funds with him; rather, that she had kept secret checking accounts, savings accounts and charge accounts and had withdrawn money from his savings account without his permission. The jury's verdict divided the real and personal property of the parties between the parties, including both the property in issue, and other property not in issue, in the present appeal. Judgment was entered on the verdict and this appeal followed.

The contention of the former wife as appellant is that as a matter of law she owns a one-half interest in the bonds and owns the jewelry and silverware. Hence, she contends the jury verdict constituted an illegal award of alimony to the former husband. See *Byrd v. Byrd,* 238 Ga. 569 (233 SE2d 799) (1977). The former husband does not rely upon a theory of implied or resulting trust to sustain the verdict and judgment. See *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975). Rather, he urges that the question of whether or not there was a delivery of the bonds, the jewelry and the silverware was one of fact for the jury. His contentions are correct. Under the facts of this case, the question of whether or not there was delivery of the bonds, jewelry and silverware was one of fact for the jury. *Ward v. Sebren,* 242 Ga. 782 (251 SE2d 524) (1979); *Williams v. McElroy,* 35 Ga. App. 420 (133 SE 297) (1926).

*Judgment affirmed. All the Justices concur, except Jordan and Bowles, JJ., who concur in the judgment only, and Undercofler, P. J., and Marshall, J., who dissent.*

ARGUED JULY 10, 1979 — DECIDED SEPTEMBER 13, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Westmoreland, Hall, McGee, Warner & Oxford, John L. Westmoreland, Jr., Jack A. Wotton,* for appellant.

*Garland, Nuckolls, Kadish, Cook & Weisensee, Mark J. Kadish,* for appellee.

BOWLES, Justice, concurring in the judgment only.

After reviewing the record in this case, I conclude that there was indeed a question of fact regarding delivery of the silverware and jewelry to the former wife, and, therefore, submission of that issue to the jury was correct. However, I must take exception to any intimation in the majority opinion that the husband's testimony about the "conditions" of his gift to his wife[1] in any way affected the gift. "An absolute gift can not, by events transpiring after it is made, be metamorphosed into a trust. Equity will not allow a donor to reclaim property, the title to which he has unconditionally placed in another, merely because he has had a quarrel with the donee." *Vickers v. Vickers,* 133 Ga. 383 (65 SE 885) (1909).

---

[1]This testimony was brought out for the first time on cross examination.