## 57901. JONES v. FEDERAL DEPOSIT INSURANCE CORPORATION.

SMITH, Judge.
Appellee FDIC, receiver of the Hamilton Bank and Trust Company, was granted summary judgment in its suit on a promissory note. Appellant asserts that material issues of fact remain with respect to the defenses of accord

and satisfaction and set-off. We reverse.

1. It was incumbent on appellee to pierce appellant's defense of accord and satisfaction. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977). While the burden at trial ·is upon appellant to establish the existence of an accord and satisfaction, the burden was on appellee, as the party who made the motion for summary judgment, to establish that no material issues of fact remained for trial. Appellee failed to carry this burden because it made no showing of the non-existence of an accord and satisfaction. Since appellee did not pierce appellant's defense of accord and satisfaction, the alleged inadequacy of the affidavits offered by appellant in opposition to the motion for summary judgment is of no consequence.

2. Contrary to appellee's assertion, 12 USC § 1823 (e) does not require that the accord and satisfaction alleged in this case be in writing. Section 1823 (e) "allows the FDIC, when it has purchased assets in its corporate capacity, to disregard oral agreements which would diminish or defeat its interest in any asset so purchased ..." FDIC v. Vogel, 437 FSupp 660, 663 (E.D.W. 1977). The promissory note here was not purchased by FDIC in its corporate capacity, but was acquired by FDIC in its capacity as receiver of Hamilton Bank. Therefore, § 1823 (e) is inapplicable.

3. Summary judgment was also improper because material issues of fact remain on the question of set-off. The affidavit of the FDIC liquidater, submitted by appellee in support of its motion for summary judgment, states: "Pursuant to the provisions of the Georgia Financial Institutions Code, specifically Ga. Code Ann. § 41A-803, the FDIC, as receiver for Hamilton Bank, gave notice to all creditors of the bank prescribing the time and manner in which claims should be presented for payment." Appellant, in his affidavit, responded to this statement as follows: "At no time has the receiver given me the notice required by *Ga. Code Ann.* Section 41A-803 . . . As a consequence of the receiver's failure to give me notice, I was unaware of the necessity of and requirements for filing statement of claim which I would have otherwise filed." These affidavits, taken together, establish that material issues of fact remain on the question of notice.

4. Appellee asserts that appellant's set-off defense was barred under Code § 20-1305, which states: "When a negotiable paper is sued on by a holder or indorsee, received under dishonor, no set-off is allowed against the original payee, except such as is in some way connected with the debt sued on, or the transaction out of which it sprung." We cannot agree with appellee's position that Code § 20-1305 bars appellant from asserting a set-off defense in the instant case. The procedural benefit afforded by Code § 20-1305 is not available to a party who is the original payee of negotiable paper. *Cole v. Bank of Bowersville*, 31 Ga. App. 435, 436 (120 SE 790 (1923). This is the case even though the original payee may qualify as a "holder" under UCC § 1-201 (20) (Code Ann. § 109A-1—201 (20)). As stated in Code § 20-1302: "Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Appellee, as receiver of Hamilton Bank, stands in the shoes of Hamilton Bank, the original payee of the note (*Nix v. Ellis*, 118 Ga. 345, 347 (45 SE 404) (1903); *Woods v. State of Ga.*, 109 Ga. App. 225, 227 (136 SE2d 18) (1964)), and cannot take advantage of the procedural benefit afforded by Code § 20-1305.

5. The remaining enumerations of error have either been abandoned or are without merit.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MAY 10, 1979 — DECIDED OCTOBER 3, 1979.

*Taylor W. Jones, Steven W. Ludwick,* for appellant. *Richard T. Elliott, Michael Dailey,* for appellee.