63786. BATES v. BATES et al.

McMURRAY, Presiding Judge.

In August 1975, J. Newton Bates purchased a tract of land by warranty deed from his father, Hugh F. Bates. Although the deed recited "$10.00 and other valuable consideration," the parties, in a separate agreement with reference to the consideration and of the

mutual promises and obligations, reduced to writing a statement as to the actual consideration, the same being the payment of $5,000 per year on December 1 of each year beginning December 1, 1975, not to exceed 15 payments, the last payment becoming due December 1, 1989. This instrument also recited that in the event of the death of the seller prior to December 1, 1989, each payment accruing thereafter during the lifetime of the seller's wife shall be payable to her, and no payment shall accrue "after the death of the survivor of the seller and his wife." Hugh F. Bates died on June 29, 1979.

On June 11, 1981, Rose L. Bates, the widow of Hugh F. Bates and mother of J. Newton Bates, as the executrix of the last will and testament of Hugh F. Bates, and individually, filed suit against J. Newton Bates contending he had failed to pay under the terms of the agreement above and was indebted to Hugh F. Bates in the sum of $20,000 at the time of his death. Further, that since the death of Hugh F. Bates defendant was indebted to Rose L. Bates, individually under terms of the agreement, in the sum of $10,000.

The defendant answered, admitting jurisdiction, the plaintiff is executrix of the estate of his father, the terms of the agreement, but denied he was indebted either to the estate or to the plaintiff. He also added as a defense that plaintiff shortly after the death of his father, informed him (defendant) that he would not be required to make the payments specified in the agreement and she has made no further claim or demand upon him, the same amounting to an accord and satisfaction and full payment of the amounts due under the agreement. By amendment defendant added that the actions of the plaintiff "amounted to a full payment of the amounts due under the agreement."

The deposition of the defendant was taken in which he deposed that he had made one payment to his father during his lifetime, the same being a $5,000 check, but same had never been cashed, and after his father's death his mother informed him that he would not be required to make payments under the agreement. He further deposed that he had been helping plaintiff go over some insurance papers, the formalities of getting death certificates and, in the process, she informed him that the $5,000 he had been receiving "from the pecans each year, that is intended to pay on the note, just don't worry about that. I know you need the money and I don't."

The plaintiff moved for summary judgment based upon the deposition and the pleadings. The defendant responded by affidavit stating that prior to his father's death he had made one $5,000 payment on the amount specified in the agreement, that he was supposed to use the proceeds from the sale of pecans from his mother's trees to make the payments called for in the agreement but

since his father's death she had informed him he would not be required to make any more payments called for in the agreement. However, she later informed him he would not be allowed to retain the proceeds from the sale of the pecans from her trees and would no longer be allowed to use her barn and storage building, thus necessitating him to construct his own storage facilities, but that he had relied on her in considering that "the debt has been paid." Summary judgment was granted to plaintiff in her capacity as executrix to recover the sum of $20,000 and in her individual capacity to recover the sum of $10,000. Defendant appeals. *Held:*

1. Based upon the cases of *Jones v. Federal Deposit Ins. Corp.,* 151 Ga. App. 619 (260 SE2d 751), and *Slappey Builders, Inc. v. Federal Deposit Ins. Corp.,* 157 Ga. App. 343, 347 (277 SE2d 328), the defendant contends that his defense of accord and satisfaction had not been pierced and no showing had been made to authorize the granting of summary judgment under the circumstances. In *Slappey Builders, Inc. v. Federal Deposit Ins. Corp.,* supra, which cited *Jones v. Federal Deposit Ins. Corp.,* supra, there was a novation with consideration flowing as to an agreement separate and apart from the original agreement. See *Herrington v. Herrington,* 70 Ga. App. 768, 773 (29 SE2d 516). We therefore examine the evidence here to determine if there be an agreement to forbear and a good and valuable consideration for same. Further, as between parent and child a gift or gifts might have occurred.

2. We first consider whether or not a gift had been effected with reference to the $5,000 check, which had never been cashed by the deceased father and as to whether a gift had been effected with reference to the payments due the mother. To constitute a valid gift there shall have been (1) intention to give by the donor; (2) acceptance by the donee, and (3) delivery of the article given or some act accepted by law in lieu thereof. Thus, for the father to have intended a gift of the payments and in particular the check for $5,000 which was never cashed, the above must be fully satisfied. We find a complete absence of any intention as to the father to give or return the check, a subsisting chose in action representing the funds it described. See *Philpot v. Temple Banking Co.,* 3 Ga. App. 742 (60 SE 480); *Underwood v. Underwood,* 43 Ga. App. 643, 644 (2) (159 SE 725); *Cannon v. Williams,* 194 Ga. 808 (3a) (22 SE2d 838). The record is completely silent as to the return of the check which may have been lost or destroyed and never found. The record is also silent as to any intention by the father to forbear, waive or transfer in any respect the gifts of the remaining payments which admittedly were never made.

3. In consideration of the evidence on summary judgment the record is not silent, however, as to an intention to give by the plaintiff

mother with reference to her statements amounting to a forbearance to collect the payments or renunciation of dominion by her, if in fact she be the sole beneficiary and there be no other beneficiaries under the will. We note the complete absence of any testimony by the plaintiff as executrix or in her individual capacity.

Under Code § 48-103, actual manual delivery is not essential to the validity of a gift but any act which indicates renunciation of dominion by the donor (a forbearance to collect), and the transfer of dominion to the donee who was told he would not have to make the payments to her "shall be a constructive delivery." The delivery may be inferred by acts of the donor. See *Burney v. Ball,* 24 Ga. 505, 506 (3), 514; *Poullain v. Poullain,* 79 Ga. 11, 12 (5c), 19 (4 SE 81). Further, as to whether or not the relinquishment of dominion or forbearance to collect is "effected constructive delivery is a question of fact for the jury to determine." *Ward v. Sebren,* 242 Ga. 782, 783 (251 SE2d 524). See also *Williams v. McElroy,* 35 Ga. App. 420, 421 (2) (133 SE 297). Particularly, this is so as between parent and child. See in this connection *Adams v. Pafford,* 79 Ga. App. 477, 480 (54 SE2d 329); *Ward v. Sebren,* 146 Ga. App. 867 (247 SE2d 532), s.c. 242 Ga. 782, 783, supra.

4. As to any accord and satisfaction, the defendant son's testimony while extremely brief sets forth some testimony of assistance to his mother in settling the estate (having some value) and also inferences of love and affection by and between the plaintiff (mother) and the defendant (son) in forbearing to collect the indebtedness. At the time of this alleged accord and satisfaction (a forbearance and settlement agreement), the common law rule as set forth in Code § 20-302 was the statutory law of this state, that is, a consideration is valid if any benefit accrues to him who makes the promise, or there be any injury to him who receives the promise. We note here that in 1981 Code § 20-302 was entirely superseded by Code Ann. § 20-302 (Ga. L. 1981, pp. 876, 877, eff. July 1, 1981) and Code Ann. §§ 20-302.1 and 20-302.2 (Ga. L. 1981, pp. 876, 877, effective July 1, 1981) were added. This agreement was allegedly entered by and between the parties, the same being verbal shortly after the father's death admitted in this instance to be June 29, 1979. Nevertheless, in consideration of this case after the grant of summary judgment the son's testimony states a good and valuable consideration for the forbearance, that is, it was founded upon something valuable, "convertible into money, or having a value in money . . . which is a valuable consideration," as well as the love and affection between a mother and son. See in this connection *Hobbs v. Clark,* 221 Ga. 558, 559 (2) (146 SE2d 271). As we must do on summary judgment, the party opposing the motion is to be given the

benefit of all reasonable doubts in determining whether a genuine issue exists, and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1), 5 (126 SE2d 442). A genuine issue of material fact remains and the plaintiff as the moving party was not entitled to judgment as a matter of law.

*Judgment reversed. Quillian, C. J., Deen, P. J., Banke and Sognier, JJ., concur. Shulman, P. J., Birdsong, Carley and Pope, JJ., dissent.*

DECIDED JULY 13, 1982 —
REHEARING DENIED JULY 28, 1982.

*Joseph B. Newton,* for appellant.
*W. Grady Pedrick,* for appellees.

BIRDSONG, Judge, dissenting.

I must respectfully dissent to the opinion expressed by the majority. The facts of this uncomplicated case show that the appellant, J. Newton Bates, in 1975 purchased land from his father. The sale provided for a purchase price of $10 and the giving of a warranty deed. To clarify the manner of payment and the amount of the purchase price, a contemporaneous agreement was prepared and signed by the parties, not in any way contradictory of the basic, original agreement but in explanation thereof. That agreement called for payment of $5,000 per year to Bates' father for 19 years (i.e., $85,000) to be accumulated from an annual pecan crop harvest on the land. Should the father die during the continuum of the payments, the remainder up to the maximum of 18 were to be paid to Bates' mother. Should she likewise die before all payments were accomplished, all further obligation ceased. The record is silent as to why, but Bates made only one payment to his father during the period 1975 until 1979, when the elder Bates died. This check remained uncashed. Thereafter, Mrs. Bates sued her son for the four unpaid installments owing to her husband's estate ($20,000) and the two installments due her under the contract from the time of her husband's death in 1979 and the time of the complaint in 1981. Appellant son admitted executing the two documents creating the indebtedness and that he had not made any payments thereon except for the one uncashed $5,000 check. Thus in effect, he had made no payments at all.

Appellant does not dispute that any contract for the sale of land or other interest in or covering land must be in writing. Code Ann. § 20-401 (4); *Krueger v. Paul,* 141 Ga. App. 73, 75 (232 SE2d 611).

Moreover, there is no contest that a contract required to be in writing ordinarily can only be modified by a subsequent agreement also in writing. *Augusta Southern R. Co. v. Smith & Kilby Co.,* 106 Ga. 864, 867 (33 SE 28). This is the very essence of the Statute of Frauds, that a contract required to be in writing cannot be modified subsequently by an agreement in parol. *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (2) (86 SE2d 507); *Jarman v. Westbrook,* 134 Ga. 19 (2) (67 SE 403).

Appellant Bates seeks to avoid the restraints of the Statute of Frauds by asserting his mother, the appellee herein, told him while they were working out details of the father's estate in 1979 that Bates would not further have to honor the sales contract; that he could keep the pecan money for he needed the money worse than she did; and though she refused him further storage use of the barn; that in reliance on her release and accord and satisfaction of the debt he had expended money to build his own barn. Thus, Bates offered his pleadings and deposition testimony as unrefuted evidence that there had been a gift from his mother to himself and further that this evidence showed a parol contract amounting to an accord and satisfaction the consideration being in effect love and affection. Bates argues that the parol evidence rule is thwarted by his partial performance in building his own barn.

The majority has accepted these arguments and has concluded that the unrefuted evidence offered by Bates raises issues of fact which preclude the grant of summary judgment to Mrs. Bates. It is at this point that disagreement occurs.

Logic persuades one that where parties enter into a written contract for the sale of land, required to be in writing, and thereby modify the terms of that contract by a parol understanding entered into upon consideration *and both parties agree to the existence of the agreement,* but one party later either disputes its meaning or having made a bad modification, wishes to disavow it, the law allows parol evidence of the agreement to reach the ultimate agreement of the parties. That rule cannot have the same efficacy, however, where one party claims the parol agreement and the other denies the existence of such an agreement. To allow evidence of the parol understanding upon the sole assertion of one party of the alleged existence of parol modification of the contract and an unsupported assertion that the agreement was entered into upon adequate consideration resulting in either a gift or an accord and satisfaction wholly emasculates the parol evidence rule particularly where the other party admits only and insists upon the original written contract. The fact that such assertions appear in affidavits or depositions taken in support of or denial of a motion for summary judgment make such assertions no less a violation of the rule. The ex parte evidence is admissible neither

in the case in chief nor in a summary judgment action. See *Wolfe v. Deaton,* 225 Ga. 412 (169 SE2d 311).

Upon the basis of the facts presented in this record, I would concur with the conclusion of the trial judge that appellant's proffer of evidence violates the parol evidence rule. In the absence of the inadmissible evidence, there remains no issue of fact for determination by a fact finder. Accordingly, I would affirm the judgment.

I respectfully dissent. I am authorized to state that Presiding Judge Shulman, Judge Carley, and Judge Pope join in this dissent.